HELEN HOWARD *vs.* GEORGE F. HOLMAN.

Worcester.    October 5, 1909. — October 21, 1909.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Negligence,* In driving a horse, In use of private way.    *Evidence,* Relevancy.

At the trial of an action by a girl seven years of age against the owner of a horse
for personal injuries resulting from the plaintiff's being run over by the horse
driven with a sleigh by a servant of the defendant in a private driveway which
had a travelled way about five feet wide with banks of snow on each side and
with no sidewalk, there was evidence tending to show that the owner of the
driveway had given to the tenants in tenement houses at one end of the drive-
way, and to the plaintiff's father and his family specifically, permission to use
the driveway as a means of access to the street into which it ran, that the plain-
tiff wore glasses and was hard of hearing, that, just before the accident, which
was in the early morning, she had preceded her father from the tenement house
out on to the driveway and had gone to the end where it entered the public
street to wait for him, standing with her face in the direction from which he
was to come and with her back toward the public street, when the defendant's
servant, driving the horse and sleigh at a rapid rate and shouting to her, ran over
her.    Portions of the foregoing evidence were controverted by the evidence of
the defendant.    *Held,* that the questions, whether the plaintiff was in the exer-
cise of due care and whether the defendant's servant was negligent, were for
the jury.

At the trial of an action by a girl seven years of age who, while standing upon a
private driveway waiting for her father who was to go with her to a street into
which the driveway ran, was run upon and injured by a horse and sleigh driven
by a servant of the defendant, testimony by the owner of the driveway that he
had given to the plaintiff's father and his family, tenants of his, permission to
use the driveway as a means of going to and from their home, is admissible to
show that the plaintiff was on the driveway in the exercise of a right, although
neither the defendant nor his servant knew that such permission had been given.

TORT for personal injuries alleged to have been received by
the plaintiff, a girl seven years of age, by being run over by a
horse driven negligently by a servant of the defendant. Writ
in the Superior Court dated April 7, 1908.

The case was tried before *Hitchcock,* J.

The place of the accident was a private driveway owned by
one O. J. Richards, and running northerly from Parker Street
in Gardner. At the northerly end of the driveway were blocks
of tenement houses owned by Richards, in one of which the
plaintiff's father was a tenant. The driveway was unpaved

and there was no sidewalk on either side of it. The driveway was not the only means of egress from the tenements.

The plaintiff's father testified in substance that the plaintiff wore glasses continuously at school, but not always at play, and was hard of hearing, that she had attended school in Boston and Gardner through the second grades and was accustomed to go out alone and had done errands about the streets in the neighborhood of the place of the accident; that on the morning when the accident happened she had preceded him from the house by a few minutes and, just before she was run over, he had seen her standing in the driveway two or three feet from Parker Street sidewalk, waiting for him, that he saw the defendant's team, driven by a boy (who was admitted to be in the defendant's employ) coming from Parker Street toward the driveway at a gallop; that the driveway was covered with snow, the travelled part being about five feet wide, with banks of snow from the buildings on either side of it; that, when she saw the team, the plaintiff ran from it toward him, but was overtaken, run over and dragged by the horse and sleigh.

The testimony of the plaintiff corroborated that of her father. She also testified that, while waiting for her father, she was standing with her back toward Parker Street in the middle of the driveway and about two feet from Parker Street sidewalk, that she knew that there were " lots of teams going through " the driveway, going " in and out there a good deal."

There was other evidence introduced by the plaintiff tending to show careless driving of the defendant's servant on the same morning as the accident, and that, as he entered the driveway, he drove eight or ten miles an hour and did not slacken his speed as he approached the plaintiff.

O. J. Richards, the owner of the driveway, testified, subject to exceptions by the defendant, that he had given the tenants in his tenements the right to use the driveway as a foot passage to Parker Street and had told the plaintiff's father when he became a tenant that he and his family could use the driveway to go to and from the tenement. There was no evidence that the defendant or his servant knew that Richards's tenants had such a right.

The evidence of the defendant tended to show that the horse

was his and that the boy driving the horse was his servant, that the boy just before the accident had been driving slowly and carefully and had stopped entirely before entering the driveway, in order to allow foot passengers on the Parker Street sidewalk to pass in front of him, that the plaintiff had run toward and under the horse's feet.

At the close of the evidence, the defendant requested the presiding judge to rule as follows:

" 1. Upon all the evidence, the plaintiff is not entitled to recover in this action, and the verdict must be for the defendant.

" 2. There is no evidence of negligence on the part of the agents or servants of the defendant, and the verdict must be for the defendant.

" 3. The plaintiff was guilty of negligence which contributed to her injuries, and the verdict must be for the defendant.

" 4. The plaintiff, respecting the use of the premises, was a trespasser, to whom the defendant owed only the duty of refraining from wantonly and recklessly injuring her.

" 5. The plaintiff cannot recover against the defendant unless the jury believe the defendant was guilty of wanton and reckless negligence.

" 6. The degree of care required of the defendant's servant in the premises was such care as a boy of like age, intelligence and experience would exercise under like circumstances."

The rulings were refused. The jury found for the plaintiff; and the defendant alleged exceptions.

The case was submitted on briefs.

*O. A. Hoban,* for the defendant.

*J. P. Carney & W. M. Welch,* for the plaintiff.

HAMMOND, J. This is an action to recover for personal injuries alleged to have been received by the plaintiff, then a girl seven years of age, by being run over by a team driven by a servant of the defendant. As is common in such cases, the evidence was conflicting. There is nothing to be gained by rehearsing it or discussing it in detail.

It is not questioned by the defendant that the plaintiff was properly allowed to go upon the street unattended; and it could not be ruled as matter of law that the evidence did not justify a finding that the plaintiff exercised the degree of care legally

required of a child of her age. The question of the negligence of the defendant was clearly also for the jury. The first three requests were properly refused.

The evidence of Richards, the owner of the fee of the private way, that he had given the tenants of the block in which the plaintiff lived the right to use the way as a foot passage to the public street was rightly admitted. It had a tendency to show that at the time of the accident the plaintiff was not a trespasser, but was upon the way in the exercise of a right. The fact that the defendant had no knowledge that the plaintiff had a right to travel there, while it possibly might be taken into consideration upon the question of the negligence of the defendant, did not deprive the plaintiff of her right to be on the way. It is manifest that in view of this testimony the fourth and fifth requests were properly refused.

The exception to the refusal to give the sixth ruling requested, while stated as raising one of the questions involved in the case, is nevertheless not argued in the defendant's brief, and is therefore regarded as waived.

*Exceptions overruled.*