HENRY C. WRIGHT *vs.* HENRY SEARS.

Barnstable.   March 10, 1922. — July 1, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, & CARROLL, JJ.

*Actionable Tort. Negligence,* Of one owning or controlling real estate. *Gravel Pit.*

An employee of a town, while digging in a gravel pit owned by another employee, who was working with him and had sold gravel in the pit to the town to be dug and carted away by it, was injured by the caving in of a bank consisting of loose sand and gravel with loam on top. At the trial of an action against the owner of the pit for the personal injuries so received, it did not appear that when the town began operations the premises were unsafe or that the general condition of the pit was not plainly visible. *Held,* that

  (1) The plaintiff being an employee of the town, the defendant owed him no duty to provide a safe place in which he could perform his work or to warn him of risks which might arise out of his employment;

  (2) The right of occupancy and control of the pit while the work was in progress had been transferred to the town, for whose management the defendant was not responsible;

  (3) A finding was not warranted that the defendant was guilty of any act of negligence by reason of which the plaintiff's injury might reasonably have been anticipated or from which it resulted.

TORT for personal injuries received by the plaintiff while at work for the town of Barnstable in a gravel pit of the defendant and caused by the caving in of the pit. Writ dated September 14, 1920.

The plaintiff's declaration was as follows:

"And the plaintiff says that on or about the seventh day of June, 1916 the defendant owned or operated and conducted a gravel pit in the town of Barnstable from which pit the defendant sold gravel to the public; that it was the duty of the defendant to provide, keep and maintain the said gravel pit in a reasonably safe condition while selling the gravel and material therefrom; that the defendant wholly neglected his duty in that regard and carelessly and negligently allowed the said gravel pit to become and be in an unsafe and dangerous condition; that on or about the seventh day of June, 1916 the plaintiff was employed by the town of Barnstable who was then and there a customer of the defendant in buying and hauling gravel and material from the

said pit of the defendant; that while the plaintiff was in the employ of the town of Barnstable as aforesaid, performing his duty in loading and hauling gravel from the said pit and while in the exercise of due care the said gravel pit caved in by reason of its improper, unsafe and dangerous condition, whereby the plaintiff was severely and seriously injured; that the plaintiff suffered great anguish in mind and body, paid money for medicine and medical attendance, his working capacity was impaired; that he will in the future suffer great anguish in mind and body; that his injuries are permanent and he will in the future pay money for his treatment and care all to the great damage of the plaintiff."

The action was tried before *Shaw*, J. Material evidence is described in the opinion. At the close of the plaintiff's evidence, upon motion by the defendant, the judge ordered a verdict for the defendant, and at the request of the parties reported the action to this court for determination, it being stipulated that, if there was any evidence on which the jury would have been justified in finding for the plaintiff, judgment was to be entered for the plaintiff in the sum of $1,000; otherwise judgment was to be entered for the defendant.

*J. A. Anderson,* for the plaintiff.

The defendant submitted the case without argument or brief.

BRALEY, J. The plaintiff was shovelling gravel from the bottom of a gravel pit, when the bank on the side about five or six feet distant from where he was at work began to drop or "cave in" from the top. A falling sod struck him on the leg, knocked him down, and he was partially buried, suffering injuries for which he seeks damages. The defendant owned the pit from which for many years he had sold gravel to various parties who loaded and removed it, and on the day of the accident the plaintiff and the defendant were employees of the town of Barnstable, which had bought and was carting gravel away, but for what purpose or use the record does not show. And when the bank, consisting of "loose sand and gravel and loam on top" fell in, the defendant as well as the plaintiff, and the town's foreman was loading gravel. The plaintiff however being an employee of the town, the defendant owed him no duty to provide a safe place in which he could perform his work, or to warn him of risks which might arise out of his employment. If he is to prevail, the plaintiff

must show that his injuries were attributable to the failure of
the defendant as owner of the premises to perform some duty
which he owed to him. *Sweeny* v. *Old Colony & Newport Railroad,*
10 Allen, 368. It is contended that because he owned land which
"he used as a place of business," the defendant was bound to
maintain the pit at all times in a reasonably safe condition for
the use of those who bought and removed gravel. The plaintiff
undoubtedly was rightfully there. But, even if the defendant
could not escape liability for concealed and dangerous defects of
which he had knowledge or ought to have discovered in the
exercise of reasonable diligence, *Hall* v. *Henry Thayer & Co.*
225 Mass. 151, it does not appear that when the town began
operations the premises were unsafe or that the general condition
of the pit was not plainly visible. The right of occupancy and
control while the work was in progress had been transferred to
the town for whose management the defendant is not responsible.
*Coman* v. *Alles,* 198 Mass. 99, 103. We are accordingly of opinion,
that there was no evidence which would have warranted the jury
in finding, that the defendant was guilty of any act of negligence
from which the plaintiff's injury might reasonably have been
anticipated or from which it resulted. By the terms of the report
judgment is to be entered for the defendant on the verdict.

*So ordered.*