FLORENCE S. MARSTON *vs.* BERTHA C. ROSE.

Middlesex.     December 4, 1930. — May 26, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Negligence*, Of one owning or controlling real estate. *Agency*, Existence of relation, Scope of authority. *Practice, Civil*, Requests, rulings and instructions.

There was evidence at the trial of an action of tort for personal injuries that the defendant, the owner of a house, made a contract with a publishing company to exhibit the house to the public for a week, whereby the company obtained advertising and the defendant gained the advantage of having property shown to possible purchasers; that the plaintiff, during the week of exhibition, went to inspect the house, which was in control of a "hostess" who had undertaken the duty of

maintaining proper lighting conditions; and that the plaintiff, after inspecting certain rooms, was injured when he fell down an unlighted stairway. There was a verdict for the defendant. On exceptions by the plaintiff, it was *held,* that

(1) There was no error in a refusal by the trial judge to rule that the defendant was a licensor and the publishing company a licensee of the house, the judge having charged the jury that the relationship between the defendant and the company was not that of a tenancy, but was in the nature of a "permissive use" of the premises by the company, that it was not important to define exactly the technical status of the defendant and the company, and that the exact character of the relationship should be determined by the nature of the contract entered into between them;

(2) There was no error in a refusal by the trial judge to rule that the defendant was in control of the house during the exhibition and that, by permitting the publishing company "to occupy the house as a licensee the defendant . . . did not divest . . . [himself] of the legal control of the premises": the questions, whether the "hostess" was an agent of the company or of the defendant and whether the defendant was in control of the house, were for the jury on the evidence;

(3) The mere ownership of the premises by the defendant, without occupancy or control of the building, in the circumstances did not subject him to liability for the injuries received by the plaintiff; and he would not be liable if the "hostess" was the agent of the company and he had not assumed any duties with respect to the lights;

(4) The exceptions were overruled.

TORT. Writ dated December 1, 1928.

The action was tried in the Superior Court before *Macleod,* J. Material evidence, rulings refused by the judge and portions of his charge to the jury are stated in the opinion. There was a verdict for the defendant. The plaintiff alleged exceptions. .

*N. Leonard,* (*A. F. Bickford* with him,) for the plaintiff.

*D. J. Lyne,* (*A. L. Hyland* with him,) for the defendant.

PIERCE, J. This is an action of tort to recover damages for personal injuries sustained by the plaintiff on November 25, 1926, in falling down a stairway in a house on Montvale Road, Newton. The case was tried with an action against the Boston Publishing Company. In the latter action the jury found for the plaintiff, but when the case was brought before this court on exceptions of the defendant to the refusal of the judge to direct a verdict for the defendant, the defendant's exceptions were sustained, and judgment was ordered for the defendant. 271 Mass. 307. In the

present action the jury returned a verdict for the defendant. The case is now here on the plaintiff's exceptions to the refusal of the judge to make requested rulings and to parts of the charge.

The defendant was the owner of the house wherein the injuries of the plaintiff were sustained. The house was for sale and in order to attract prospective purchasers the defendant, through her husband, who was admitted to be her agent, entered into an agreement with the Boston Publishing Company (hereinafter called the company) to run a "Better Homes Exhibit" on the premises, the house to be open for inspection by the public between 2 and 9 P.M. from November 21 to November 28 inclusive. The plan was one whereby the company obtained advertising for the Boston Herald and the defendant gained the advantage of having her property shown to possible purchasers. In pursuance of this agreement the company, through the Herald, advertised on November 21, 1926, a "Better Homes Exhibit" on the defendant's premises, the notice stating that the house was completely furnished with all the latest, modern, electrical appliances and would be open for public inspection daily from November 21 to 28 inclusive from 2 to 9 P.M. In response to the announcement in the Herald the plaintiff, with her sister, went to the house at about 4 P.M. on November 25, 1926, for the purpose of inspecting it. She was greeted by a Mrs. Fitzgerald, who was performing the functions of a "hostess," and at her request she signed the register. After inspecting the rooms on the lower floor she went upstairs, saw what the furnishings were in one of the chambers that opened on the main hall, then went into the maid's hallway and into the maid's room and bathroom, which led off the small hallway. There was no artificial light in the maid's room, in the maid's bathroom, or in the small hallway outside the bathroom. The main hallway and the small hallway were dimly lighted by the outside daylight, and the plaintiff felt safe in going through them with the daylight "that then was." After she came out of the maid's bathroom into the small hallway, she made a step or two to the right and was hurled down a back stair-

way that she did not see or know of. The negligence alleged in the declaration in substance is that the defendant failed to keep the electric lights burning in the hallway, failed to guard the stairway or failed to warn the plaintiff of its presence. At the close of the evidence the plaintiff requested the judge to give the following rulings: "(4) The defendant, Bertha C. Rose, was a licensor with respect to the house situated at 3 Montvale Road in said Newton"; "(5) The Boston Publishing Company was a licensee of said house"; "(7) The defendant, Bertha C. Rose, at all times between November 21, 1926, and November 27, 1926, was in legal possession and control of the premises at 3 Montvale Road, including the house situated thereon"; and "(8) By permitting The Boston Publishing Company to occupy the house as a licensee the defendant, Bertha C. Rose, did not divest herself of the legal control of the premises."

Requests numbered 4 and 5 were dealt with by the judge in his charge as follows: "There have been some requests for rulings made here by various parties which raise the issue as to the particular technical legal terms to be applied to the relationship between the Boston Herald Company and the owner of the house, as to whether the Boston Publishing Company was in strict contemplation of law a tenant or a licensee, or an agent or servant of the owner, or an independent contractor acting for the owner, and various questions of that particular kind. I do not know how far it would be useful for me in so far as helping you to decide your problem, which is an issue of fact, to attempt to put any particular label on the relationships of the parties here . . . . If the matter be of any importance, as I construe the situation here, the Boston Publishing Company was not at any rate in the ordinary or conventional sense a tenant of the property and enjoying the full and complete control of the premises let in the same fashion and for the same reasons as an ordinary tenant in a building . . . . But this, as I conceive it, is not in the nature of a tenancy, but is in the nature of a permissive use of the premises by the Boston Herald Company on the part of the owner." The trial judge further

charged: "But this case is to be considered upon the facts
as they appear here throughout and on the principles which
I have attempted to lay down to you. And in that connec-
tion I think I stated that while it was not important to put
labels on these different parties here or define exactly what
their official legal status was or how it might be described
in words of art, if it was in any way material, that I would
rule as a matter of law that the relationship here was not
the ordinary relationship of landlord and tenant. In so far
as that might imply any limitation I remove the limitation
and rule that the relationship here was not that of landlord
and tenant between Mr. Rose and the Boston Publishing
Company, but the exact character of the relationship is to
be determined upon the nature of the contract entered into
between them."

It was pointed out in *Marston* v. *Boston Publishing Co.*
271 Mass. 307, at page 310, that "The plaintiff was not a
party to the contract between the defendant [the com-
pany] and Rose and this was material to the case only in
so far as it bore on the question whether the defendant
[the company] had a duty to see that the rear hall was
properly lighted." *Brown* v. *Winthrop,* 270 Mass. 322,
325. It was said in *Johnson* v. *Wilkinson,* 139 Mass. 3:
"A license is a permission or authority to enter the land
and do certain acts, or series of acts, the parties not intend-
ing to convey any interest in the land." The instructions
on this point were in substance the same as those requested.

The seventh request could not have been properly given.
There was evidence from which the jury could have war-
rantably found that Mrs. Fitzgerald, the hostess, was in
control of the house and had undertaken the duty of main-
taining proper lighting conditions. Whether she was the
servant or agent of the company or of the defendant Rose
was a disputed question of fact on conflicting evidence, and
the question of the control of the premises by Rose was
properly left to the jury. *Cunningham* v. *Cambridge Sav-
ings Bank,* 138 Mass. 480. The eighth request is open to
similar objection. Mrs. Fitzgerald could have been found
to be in control of the lighting arrangements. The request

assumed the existence of facts which were the subject of contradictory testimony, and for this reason could have been refused. *Rand* v. *Farquhar*, 226 Mass. 91, 100. *Smedley* v. *Walden*, 246 Mass. 393, 400. There was no error in the refusal to give the requests numbered 7 and 8.

The plaintiff excepted to the portions of the charge "in which the court charged the jury that the owner would not be liable if Mrs. Fitzgerald was the agent of the Boston Publishing Company and the defendant Rose had not assumed any duties with respect to the lights." The instruction was a correct statement of the legal principles applicable to the issues in the case. *Grasselli Dyestuff Corp.* v. *John Campbell & Co.* 259 Mass. 103, 108. The mere ownership of the premises by the defendant, without occupancy or control of the building, did not subject her to liability for the injuries received by the plaintiff. *Earle* v. *Hall*, 2 Met. 353. *Wright* v. *Sears*, 242 Mass. 292. All the exceptions argued have been considered, and each of them must be overruled.

*Exceptions overruled.*