JOSEPH PIVA PANNELLA *vs.* MARIAN D. REILLY.

Bristol.    April 10, 1939. — October 25, 1939.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Negligence,* One owning or controlling real estate, Spraying, Independent contractor.

Care in the selection by a landowner of an independent contractor to spray with a poisonous substance a tree in the immediate vicinity of a neighbor's crop of vegetables was no defence to an action by the neighbor for damage caused by the poison being deposited on the crop if it was found, on evidence warranting the finding, that, unmindful of the neighbor's protest against the spraying, the landowner ordered it done and witnessed its performance.

TORT.    Writ in the Second District Court of Bristol dated April 8, 1937.

A report by *Cook,* J., to the Appellate Division for the Southern District after a finding for the plaintiff in the sum of $100 was ordered dismissed.    The defendant appealed.

The case was submitted on briefs.

*I. H. Simon,* for the defendant.

*J. P. McGuire, Jr.,* for the plaintiff.

RONAN, J.    There was evidence that the plaintiff's crop of lettuce was injured when an independent contractor, hired by the defendant to spray her trees with a compound containing arsenate of lead, a poison, caused some of this substance to be deposited upon the lettuce while spraying a tree located close to the boundary between adjoining lands of the parties but which overhung the plaintiff's land; that before the spraying began the plaintiff objected to it on account of the danger to his crop, but that the defendant ordered the independent contractor to spray the tree and she watched this work being done.    There was a finding for the plaintiff and the Appellate Division ordered the report dismissed.

The defendant's appeal is based upon the refusal of the judge to grant a request that "Upon all the evidence, the defendant is not liable," and a second request that the defendant was not liable for any damage caused by the independent contractor if she used reasonable care in his selection. The denial of the first request was right. It had no standing in the District Court. The judge was not required to consider it. Rule 27 of the District Courts (1932). *Duralith Corp.* v. *Leonard,* 274 Mass. 397. *Wainwright* v. *Jackson,* 291 Mass. 100. *McKenna* v. *Andreassi,* 292 Mass. 213. The judge, however, did consider it, but there was no error in refusing to give it since the evidence, for reasons hereafter stated, presented a question of fact upon the issue of the defendant's negligence.

The spraying of a poisonous substance in the immediate vicinity of or practically over a crop of vegetables intended for human consumption was the performance of work of such a character that damage would necessarily result to the owner of the vegetables unless reasonable precautions were taken to avert such damage. Here the judge could find that no adequate measures were adopted to protect the plaintiff's property from being sprinkled with the poison, and that the defendant, unmindful of the plaintiff's protest, ordered the work to be done and witnessed its performance. Care in the selection of an independent contractor in these circumstances is not a defence. *Boucher* v. *New York, New Haven & Hartford Railroad,* 196 Mass. 355. *Nugent* v. *Boston Consolidated Gas Co.* 238 Mass. 221. *Levesque* v. *Hildreth & Rogers Co.* 276 Mass. 429. *McConnon* v. *Charles H. Hodgate Co.* 282 Mass. 584. *Herrick* v. *Springfield,* 288 Mass. 212. *Beauvais* v. *Springfield Institution for Savings,* 303 Mass. 136. Am. Law Inst. Restatement: Torts, § 416.

*Order dismissing report affirmed.*