JOHN SMITH *vs.* AUGUST A. BUSCH COMPANY OF MASSA-
CHUSETTS, INC.
(and a companion case[1]).

Suffolk. October 10, 1952. — January 5, 1953.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Negligence*, Invited person, Restaurant, Trap door, Independent con-
tractor, Deliveryman, One owning or controlling real estate. *Practice,
Civil*, Requests, rulings and instructions.

A finding that one injured by falling through an open trap door in the
floor of a restaurant upon entering the premises through an open side
door to purchase beer was impliedly invited by the proprietor of the
restaurant to enter it that way and was a business visitor in so doing
was warranted by evidence of extensive previous use of the side door
by customers of the restaurant with the knowledge of and without
objection by the proprietor. [617–619]
The fact that a trap door located in the floor of a restaurant close to a
side door was left open and unguarded by a deliveryman while de-
livering goods at the restaurant did not relieve the proprietor of the
restaurant of his duty respecting the condition of the premises to a
customer entering them through that door at the proprietor's own in-
vitation, even though the deliveryman was an independent con-
tractor; and evidence of the circumstances in which the customer fell
into the opening in the floor and was injured warranted a finding of a
breach of the proprietor's duty and of negligence on his part toward

---

[1] The companion case is by the same plaintiff against Ort's Bar & Grill, Inc.

the customer, irrespective of negligence on the part of the deliveryman. [619–620]

A judge cannot be required to instruct the jury respecting inconclusive fragments of the evidence bearing on an issue. [621]

Evidence warranted a finding that a deliveryman delivering goods to a restaurant, in leaving open and unguarded a trap door in the floor close to a side door of the restaurant, was negligent toward a customer of the restaurant who entered by that door and fell into the opening in the floor, even if the deliveryman was ignorant of the fact that customers used that door. [621]

Two ACTIONS OF TORT. Writs in the Superior Court dated November 25, 1949.

The actions were tried before *Brogna,* J.

*Timothy J. Murphy,* for the plaintiff.

*Stuart C. Rand, (Charles F. Choate & Jerome E. Andrews, Jr.,* with him,) for Ort's Bar & Grill, Inc.

*Thomas H. Mahony,* for August A. Busch Company of Massachusetts, Inc.

RONAN, J. The plaintiff was injured as he entered the side door of the premises of the defendant Ort's Bar & Grill, Inc., hereinafter called Ort, and fell through a trap door in the floor, the cover to which had been removed by the employees of the defendant August A. Busch Company of Massachusetts, Inc., hereinafter called Busch, in the course of delivering goods. The plaintiff had a verdict against each defendant, but the judge under leave reserved and subject to the exceptions of the plaintiff entered verdicts for the defendants. The defendants excepted to the admission of certain evidence, to the denial of requests for instructions, and to portions of the charge. All these exceptions are presented in a consolidated bill of exceptions.

Ort's premises were located at the corner of Essex Street and Hersey Place where it conducted a restaurant, served liquor, and provided entertainment for its patrons who numbered about ten thousand a week. One entrance to this establishment was set diagonally in the building at the corner of Essex Street and Hersey Place and besides there were two other entrances on Essex Street. A side door was located on Hersey Place at a distance of about fifty-five

feet from Essex Street. All these four doorways led into the large room where Ort conducted its business. This side door was covered with steel and swung out into Hersey Place when opened. It had no handles on the outside and when shut it could not be opened from the outside. There were no signs on or about the outside of this door. A bar ran along the inside of the Hersey Place wall and extended to within three feet of this side door. About a foot inside the threshold of this door was an iron cover three feet wide and four feet long that covered a hole in the floor which was used for the delivery of goods to the cellar.

The plaintiff accompanied by another went along Hersey Place on the afternoon of July 5, 1949, to the side door which was open. They intended to purchase beer at Ort's. The plaintiff stepped in and fell through the trap door into the cellar. The cover had been removed by the employees of Busch who at the time of the accident were in the cellar putting into the refrigerator fifty cases of beer which they had put through the trap door. One Bergman, the assistant manager of Ort's, had assisted these employees to barricade the three inside edges of the cover before the cover had been removed by an employee of Busch. The evidence was conflicting as to whether barriers had been placed on the Hersey Place side of the side door. If there was a lack of barriers on the outside of this side entrance that fact was plainly visible from the inside of Ort's and also from the cellar.

The defendants contend that in using this side door which was open for the purpose of receiving goods the plaintiff was not a business visitor. There was evidence that this door was frequently opened during warm weather but not in the winter months, and that it was convenient for those customers who desired quick service at the bar. There was testimony from one customer that she had used this side door five or six times in all within a period of eighteen months; that she entered through this door in her visit in the latter part of June, 1949, and she was then in Ort's for about an hour; that during this time several persons en-

tered by this door; that she had seen fifty or more persons come in that way during all her visits to Ort's; and that the manager was "on the floor" while people were using this entrance. Another customer testified that during a visit in June, 1949, she came in from the Hersey Place door and while at Ort's she saw about fourteen persons use this side doorway; and that from the previous September she had been to Ort's four times and while there on all these occasions she saw sixty or seventy people using this side door. The plaintiff, who with a companion was entering the place for the purpose of purchasing some beer, had used the side door twenty-five times during the year previous to the accident; he used this doorway fifteen times during the preceding three months and in that period he had seen seventy-five people entering and thirty-five persons leaving by this door. There was no evidence that the defendant Ort ever objected to the use of this door by its customers. There was evidence that the manager of Ort's was "on the floor" at times when customers used the side entrance. All of this evidence relative to the use of this doorway previous to the time of the accident was admitted subject to the exceptions of the defendants. They excepted to the denial of motions to strike out all this evidence. They also excepted to a portion of the charge in which the jury were instructed that they could consider the extent that the side entrance was used by customers of Ort, and that if the use was such that the managers and employees of Ort knew or ought to have known of this use, then this was one of the factors they could consider in determining whether the plaintiff was a business visitor.

This evidence was competent to show that Ort had knowledge of the use of this side door by its customers, that it did not object to such use but that it treated them and traded with them the same as customers who came in by the front entrances, and it also tended to show that persons, like the plaintiff, who were acquainted with the use of this door when it was open, were reasonably led to entertain a belief that they were impliedly invited to use it in entering and leaving

the premises on the frequent trips which they made for the purpose of transacting business with Ort of the kind and character which it conducted upon the premises. *Simmons* v. *New Bedford, Vineyard & Nantucket Steamboat Co.* 97 Mass. 361, 371. *Fitzsimmons* v. *Hale,* 220 Mass. 461, 464. *Mikkanen* v. *Safety Fund National Bank,* 222 Mass. 150, 154. *Rice* v. *Rosenberg,* 266 Mass. 520, 524. *Silva* v. *Henry & Close Co.* 279 Mass. 334, 336. *LeBlanc* v. *Atlantic Building & Supply Co. Inc.* 323 Mass. 702, 703. *Johnston* v. *De La Guerra Properties, Inc.* 28 Cal. (2d) 394. *Eklund* v. *Kapetas,* 216 Minn. 79. The evidence was sufficient to warrant a finding by the jury that the plaintiff as a customer was impliedly invited by Ort to use this side door when it was open, as a convenient means of ingress and egress. *Drennan* v. *Grady,* 167 Mass. 415. *Grogan* v. *O'Keeffe's Inc.* 267 Mass. 189. *O'Brien* v. *Harvard Restaurant & Liquor Co. Inc.* 310 Mass. 491, 493–494.

These cases are distinguishable from *MacGillivray* v. *First National Stores Inc.* 326 Mass. 678, where that portion of the premises where the plaintiff was injured was obviously not a part of the store where customers were invited to go, and from *McCarthy* v. *Waldorf System, Inc.* 251 Mass. 437, where the plaintiff was not a business visitor and was injured by coming to the place of the accident not by any invitation of the defendant.

Ort next contends that Busch was acting as an independent contractor in delivering the beer and that its exception should be sustained to that part of the charge where the jury were told that if the plaintiff was a business visitor of Ort the latter would not be relieved of the duty which it owed the plaintiff merely because Busch was doing the work. It also excepted to a denial of a request for an instruction that, if the plaintiff's injury was due to a failure of Busch properly to safeguard the opening to the cellar, Ort would not be liable.

If we assume that Busch was acting as an independent contractor and that the work in which it was engaged was not inherently dangerous, *Whalen* v. *Shivek,* 326 Mass. 142,

see *Pannella* v. *Reilly*, 304 Mass. 172 — a matter which we need not decide — the defendant Ort was not thereby excused from the duty which it owed the plaintiff, a customer, of using proper care to keep its premises in a reasonably safe condition for his use according to the invitation or of warning him of the dangers of which he as an ordinarily intelligent person might not be expected to know and which were either known or ought to have been known to this defendant. *Kelley* v. *Goldberg*, 288 Mass. 79, 81.  *Klironomos* v. *Rialto Theatre Co. Inc.* 325 Mass. 560.

The delivery of the beer was being made in the customary way and involved the removal of the trap door.  The jury could find that Ort's manager or assistant manager knew or ought to have known of its delivery, that the trap door was open, that customers used the side door, and that there was no barrier to protect them or any precautions taken to prevent them from falling into the opening.  The failure to give any warning to the plaintiff could be found to be a breach of the duty that Ort owed him and could be found to constitute negligence.  The liability of a storekeeper who keeps open his premises and continues to invite customers to enter and trade with him while work is being done therein, which renders them defective and unsafe for the use of customers and results in an injury to the customer, may be predicated on a breach of the obligation owed the customer and need not depend upon any negligence of the independent contractor.  See *Curtis* v. *Kiley*, 153 Mass. 123; *Levesque* v. *Hildreth & Rogers Co.* 276 Mass. 429, 434; *Newell* v. *K. & D. Jewelry Co. Inc.* 119 Conn. 332, 334; *Corrigan* v. *Elsinger*, 81 Minn. 42; *Besner* v. *Central Trust Co.* 230 N. Y. 357; *Lineaweaver* v. *Wanamaker*, 299 Pa. 45; *Kimatian* v. *New England Telephone & Telegraph Co.* 49 R. I. 146; Prosser, Torts, page 486; Harper, Torts, § 292; Restatement: Torts, § 343.

In addition to the exceptions claimed by Ort and Busch which we have discussed, Busch saved other exceptions pertinent to its case alone.

The denial of Busch's fourth and fifth requests, to the

effect that leaving open the side door during the warm weather or for the delivery of goods did not constitute an invitation to enter by that door, was not erroneous. The jury were fully and correctly instructed as to what the plaintiff had to prove in order to show that he had an implied invitation to use the side door. This defendant had no right to select inconclusive fragments of the evidence bearing upon an issue, incorporate them into a request for instructions, and thereby secure undue emphasis on the evidence recited in the request. *Gregory* v. *Maine Central Railroad,* 317 Mass. 636, 641. *Black* v. *Boston Consolidated Gas Co.* 325 Mass. 505, 509–510. The judge was right in refusing the sixth and eighth requests that, if access to the side door was barricaded by barrels, the plaintiff was not in the exercise of due care in entering the doorway and that there was no breach of duty that this defendant owed the plaintiff. These requests were given in substance and this defendant was entitled to nothing more.

Busch contends that it did not know that the side door was used by customers of Ort and so there was no duty to take precautions to protect them. The employees of Busch were undoubtedly invitees of Ort in delivering the beer, *Wright* v. *Perry,* 188 Mass. 268, 270, *Power* v. *Beattie,* 194 Mass. 170, *Murphy* v. *Avery Chemical Co.* 240 Mass. 150, 152; but the plaintiff could also be found to be rightfully on the premises when the accident occurred. *O'Neil* v. *National Oil Co.* 231 Mass. 20, 27. *Sughrue* v. *Booth,* 231 Mass. 538. The fact that these employees were ignorant of the plaintiff's right to be there did not deprive him of his rights. *Howard* v. *Holman,* 203 Mass. 445, 448. These employees knew that the restaurant was in full operation. There is no contention that they actually knew that the door was not used by customers. It could be found that, if they were ignorant as to the use of the side door, it was their duty to ascertain the exact situation and to protect those who might lawfully use the side door. *Garland* v. *Townsend,* 217 Mass. 297, 301. *Dennehy* v. *Jordan Marsh Co.* 321 Mass. 78, 80–81. *Kimatian* v. *New England Telephone & Telegraph*

*Co.* 49 R. I. 146.   See *Griffin* v. *United Electric Light Co.* 164 Mass. 492; *Reagan* v. *Boston Electric Light Co.* 167 Mass. 406; *O'Neil* v. *National Oil Co.* 231 Mass. 20, 27; *Royal Indemnity Co.* v. *Pittsfield Electric Co.* 293 Mass. 4, 6.

The defendant Busch also contends that the control of the trap door at the time of the accident had passed to the employees of another brewery who were waiting to deliver kegs of beer.   There was evidence from which a jury could find that Busch's employees had not abandoned their control over the trap door or that they had not transferred charge of it to the employees of the other brewery.   Busch's employees had not finished the delivery of the beer.   At the time of the accident they were engaged with both of the employees of the other brewery in putting the cases of beer into the refrigerator in the cellar.   It may well be that the employees of the other brewery intended to use the trap door in the delivery of the kegs of beer after Busch's men had finished their work but the accident occurred before that time. . It was for the jury to say whether the control of the trap door remained in Busch when the plaintiff fell through it.   *Gray* v. *Boston, Revere Beach & Lynn Railroad*, 261 Mass. 479, 483.   *Marston* v. *Rose*, 275 Mass. 443, 447.   *Souza* v. *Becker*, 302 Mass. 28.

The plaintiff's exceptions are sustained.   All of the exceptions of the defendants are overruled.   The verdicts entered by the judge are set aside and judgments are to be entered upon the verdicts returned by the jury.

*So ordered.*