*Northern District*

No. 4682

**RUTH ANDERSON**

v.

**DOMINIC ZANNI**

(November 30, 1953)

*Brooks, J.* This is an action of tort for damage to plaintiff's dwelling house resulting from *blasting operations* conducted by defendant. There was testimony that considerable damage resulted from one particular blast which produced a concussion of air much more severe than previous blasts which had caused no damage. The defendant introduced evidence that at no time was there a blast violent enough to cause the damage attributed by the plaintiff to the particular blast which she claims caused the damage.

Defendant filed two Requests for Rulings:

1.  Upon all the evidence there should be a finding for the defendant.
2.  The burden is upon the plaintiff to show negligence on the part of the defendant.

The court granted the second request but denied the first request and found for plaintiff in the following language:

"I find the following facts:

"That the plaintiff was the owner of the premises damaged; that the defendant, through his agents or servants was conducting the blasting operations on September 26 and shortly before that time; that the plaintiff's house was within 75 feet of the blasting operations; that there had been numerous blasting operations previous to September 26 which had done no damage to the

plaintiff's property; that on September 26 there was one extremely violent blast that caused the plaintiff's house to tremble, cracked the ceilings and walls; that this same blast caused a hen coop to violently shake and caused the outside stucco of a house across from the plaintiff's house to crack from foundation to roof.

"I find that the plaintiff's house was resting above a ledge and that the blasting operations were conducted on ground that was also on or above a ledge.

"I find that just previous to the blast complained about the plaintiff's house was in good condition insofar as the plaster was concerned.

"I find that the particular blast complained about on September 26 was done in a negligent manner causing the damage to the plaintiff's property.

"I find for the plaintiff in the sum of Three Hundred Fifty ($350.00) Dollars.

"Defendant filed a request for rulings of law, and I disallow the first request and allow the second request."

The court's denial of the first request is not subject to review. This is settled by Rule 27 of the Rules of the District Court. The judge was not required to consider the request. *Forbes v. Gordon & Gerber, Inc.*, 298 Mass. 91, 95, *Pannella v. Reilly*, 304 Mass. 172.

No review lies to the court's action on the second request since it was granted as a correct statement of law and was in no way inconsistent with the finding.

There remains possibly the question which defendant raises in his report, namely the propriety of the court's denial of defendant's motion for a new trial. Defendant alleged that the finding was against the law, inconsistent with the granting of defendant's Request for Ruling as to negligence and as not supported by any reasonable view of the evidence

or rational inference of which such evidence is susceptible.

The finding was not against the law since the court granted the only request to which defendant was entitled. The finding was consistent with the granting of the request. As to the third ground for granting a new trial, occasions when the trial court is found to have abused discretion under these circumstances "are exceedingly rare." *Hartman v. Boston Herald Traveller Corp.*, 323 Mass. 326. It cannot be held that there was abuse of discretion in this case in view of the evidence before the trial court as to the nature of the explosion which the court found caused the damage. The finding of negligence on the part of defendant must stand.     *Report dismissed.*

Brennan & Plunkett, for the plaintiff.

Arthur C. Aldrich, for the defendant.