*Southern District*

## ARTHUR COLLINS, JR.
### v.
### ADELARD PROVENCAL

*Present:* Nash, P. J., Cox & Callan, JJ.

Case tried to *Horrocks, J.,* in the Third District Court of Bristol. No. 6282.

*Callan, J.* The plaintiff brings this action of contract to recover a sum of money claimed to be owed by the defendant to him under an agreement between them, said sum claimed due being the difference between what was paid by the defendant to the United States Treasury Department and what should have been paid as the withholding tax on the plaintiff's earnings.

*There was evidence that* the defendant hired the plaintiff under an oral agreement whereby the defendant agreed to pay him $32 per week for his services and also to furnish him two meals per day and also to pay his withholding tax to the Federal Government. Plaintiff earned $450 as wages and the meals furnished had a value of $175, a total of $625. The meals furnished were for the defendant's benefit. The defendant was informed by the plaintiff that he was a dependant of his wife. Defendant paid to the United States Treasury Department $5.40 as withholding tax. Plaintiff worked one and one-half weeks during one quarterly period and ten weeks during the next quarterly period.

The defendant filed a Motion to Dismiss as follows: "that upon all the evidence, the plaintiff is not entitled to recover and a finding should be made for the defendant." The judge denied this Motion.

The defendant also filed certain requests for rulings as follows: "(5) an employee is not entitled to receive from an employer money which rightfully should have been

paid to the District Director of Internal Revenue; (6) if the evidence warrants a finding that the defendant failed to remit to the District Director of Internal Revenue the full amount due as a withholding tax, then the Court should rule that the amount owed is due and payable to the United States Treasury Department through the office of the Internal Revenue Service but that it is not owed or payable to the plaintiff; (7) on all the evidence the Court is warranted in finding for the defendant." Request 6 and 7 were denied. Request 5 was allowed and the Court made the following statement: "If the employer has failed to make said payment of taxes withheld to the District Director of Internal Revenue which I so find, the employee becomes liable and has recourse against the employer for damages because of the defendant's breach of contract". A special finding of facts was made by the judge.

Claiming to be aggrieved by the denial of his Motion to Dismiss and the denial of the aforementioned requests, the defendant claims a report to this Division.

■■ There is no error. As to the defendant's Motion to Dismiss, the docket entries show that the Motion was filed and denied at the close of trial. If the defendant was aggrieved, he should have claimed a report to the denial. This was never done. Rule 27 of the District Courts (1952). He is not saved by the filing of the draft report which, had it been within five days after the judge's

action, under the same rule "Shall be deemed to include a request for a report." But the draft report was not filed until fifteen days after the judge's denial of the motion. See Rule 28 of the District Courts, (1952). *Murphy v. Barry,* 295 Mass. 94; *Barton v. Cambridge,* 318 Mass. 420, 423.

As to defendant's request for ruling no. 7, this ruling has no standing because of the failure to set forth the grounds upon which it is based. Rule 27 of District Courts (1952). *Pannella v. Reilly,* 304 Mass. 172, 173.

Request no. 5 was allowed and 6 denied, but the judge found that the defendant breached his agreement with the plaintiff to remit the correct Federal withholding tax to the Federal Government and thereupon the defendant became liable for said tax. The defendant was informed of the plaintiff's exemption claim and cannot complain that the plaintiff neglected to furnish him with an exemption certificate, thus resulting in an erroneous computation of the tax. 26 USC — Internal Revenue Code — 1954 c. 24, §3402 (f) (2) (a).

§3403 of the Internal Revenue Code provides that "the employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter and shall not be liable to any person for the amount of such payment." Although the defendant's request may state a correct abstract proposition of law based on Federal statutes,

the case in issue is based on an alleged breach of agreement between the parties and not upon a legal obligation created by statute between the Government and an employer as set forth in the request. Since the judge found the defendant breached his agreement, the request became inapplicable on the facts found. *Cameron v. Buckley,* 299 Mass. 432, 434; *Wilson v. Birkenbush,* 305 Mass. 173, 175.

The report is ordered dismissed.

Kolman Shapira of New Bedford, for the Defendant.