*Western District*

### RAYMOND F. LUCIA, d/b/a
### LUCIA LUMBER COMPANY

v.

### MARGARET GONYEA

Argued: June 26, 1968—Decided July 29, 1968.

*Present:* Garvey, P.J. Moore, Allen, J.J.

Case tried to *Sloan, J.*, in the District Court of Springfield.

*Moore, J.* This is an action of contract in which the plaintiff, a lumber company, is seeking to recover for lumber sold and used in the construction of a house on land owned by the defendant, jointly with her husband prior to his death, as tenants by the entirety.

*There was evidence tending to show that* a few months before his death, the defendant's husband, in company with the defendant, went to the plaintiff's home and discussed a number of times with the plaintiff about an addition to their summer home in Goshen, Massachusetts; that at these discussions with the plaintiff, defendant's late husband would ask her opinions or suggestions at which time she would reply that she would leave it up to him (meaning the husband); that the greater part of the lumber sold amounting to at least $1413.10 was delivered on the jointly-owned premises prior to the death of the defendant's husband; that subsequent to his death, lumber to the value of

$55.48 was "picked up" by the defendant or her son; that a substantial amount of the lumber ordered and delivered prior to the death of the husband was not used in construction of the additions to the summer home until after the death of her husband.

The trial judge made the following findings of fact entitled:

### "SPECIAL FINDING OF FACT

I find that from May 17, 1966 to June 16, 1966 the plaintiff sold and delivered to the defendant's husband lumber products of the value of $1,413.10. The husband of the defendant died on June 24, 1966. I find that on July 2, 22, and August 13, 1966 the plaintiff sold and delivered to the defendant lumber products of the value of $55.48. I find that at no time did the defendant's husband act as the agent of the defendant in his dealings with the plaintiff."

The plaintiff filed five requests for rulings but claimed to be aggrieved only by the denial of requests No. 1, 4 and 5 which were:

"1. If it is shown that a house is owned jointly and husband and wife discuss with the plaintiff the furnishing of lumber products for the house or improvements thereon, the wife would be liable as a principal thereon, because she knew of the furnishing of materials and should reasonably expect to pay for them.

4. The plaintiff submits that on all the evidence a finding for the plaintiff is warranted.

5. The plaintiff submits that on all the evidence, a finding for the plaintiff is required as a matter of law.''

The trial judge in denying requests No. 4 and 5 stated they were denied on the grounds as not being in conformity with the Rules of the District Court.

The trial judge found for the plaintiff in the sum of $55.48 being only the sales price of the lumber that was ''picked up'' by the defendant and her son after the death of her husband.

We feel that there was no error in the denial of request No. 1 as that request is one that is based on an assumed set of facts which, standing alone, would not make the defendant liable.

We feel that the rule of law applicable to the facts and evidence in this case is expressed in *Gordon* v. *O'Brien*, 320 Mass. 739 at page 741, wherein it is stated: ''It need not be established by direct evidence that a wife appoint her husband as her agent to transact the business in question or that she admit the agency, it is sufficient to show that he was acting in her behalf and for her benefit with her consent and knowledge or that upon learning of his conduct she adopted and ratified it.'' See *Tzitzon Realty Co., Inc.* v. *Mustonen*, 352 Mass. 648.

■ There appears to be no error in the denial of request No. 5 as it does not meet the requirement of *Rule 27 of the District Court Rules (1965)* as to specifying the grounds on which it is based, and therefore, the judge was not required to rule on it. *Pannella* v. *Riley,* 304 Mass. 172.

The denial of request No. 4 for the same reason of nonconformity with the said Rule 27 would appear, in view of the reported evidence, to constitute prejudicial error.

■ The question of whether a husband is acting as an agent for his wife is usually one of fact and not a question of law. *Sztranski,* v. *Spindale,* 332 Mass. 500, 503.

■ However, a so-called "warrant" request can raise a question of law if it is denied in face of evidence which, if believed, would warrant a finding for a plaintiff. In this case, we believe this to be so in spite of Rule 27 of the District Court Rules as to an "upon all the evidence" request, as naturally such a request requires a review of all the reported evidence in the event the trial judge reports it.

■ Furthermore, the trial judge states in his report that he found that the defendant's husband did not act as her agent "in that it is not warranted as a matter of law".

This is in effect saying, even if all the reported evidence was believed, he would be compelled to so find as a matter of law. This we do not believe to be so.

We cannot avoid the conclusion that the court found that the defendant's husband did not act as her agent in reference to the lumber purchased prior to her husband's death because he felt he was compelled to as a matter of law.

Though the trial judge is the finder of facts, the Appellate Division must be satisfied that in arriving at facts, he was guided by correct principles of law. *Adamaitis* v. *Metropolitan Life Ins. Co.*, 295 Mass. 215, 219, and in this instant case we do not believe he was and the order should be:

**Prejudical Error Found; New Trial.**

OWEN S. CLARK,
  of Springfield, Attorney for plaintiff.
COHEN, DONAHUE and ROSENTHAL,
  of Springfield, Attorneys for defendant.