Dawley, J.
After sustaining injuries when she slipped and fell while shopping in a supermarket, Frances Arruda (“Arruda”) and her husband brought a personal injury and loss of consortium action against Stop and Shop Supermarket Company and D and P Janitorial Services (“D and P”). Arruda appealed from the allowance of a motion for summary judgment in favor of D and P.
There was no error in the motion judge’s allowance of D and P’s motion for summary judgment. D and P correctly argued at the motion hearing that Arruda failed to present any evidence that D and P proximately caused Arruda’s injuries. Arruda, citing Rolanti v. Boston Edison Corp., 33 Mass. App. Ct. 516 (1992), submitted that circumstantial evidence supported an inference of D and P’s negligence. Such an assertion is without factual support in the record.
“The standard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.” Beal v. Board of Selectmen of Hingham, 419 Mass. 535, 539 (1995). Under Mass. R. Civ. P., Rule 56, the evidence to be reviewed by the motion judge includes “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any....”
At approximately 4:30 a.m. on September 30,1997, Arruda went shopping at the Stop and Shop Supermarket in New Bedford. As she was walking down one of the aisles towards the dairy cabinet, Arruda slipped and fell in a large accumulation of liquid. The accumulation, located at the end of the aisle near the dairy cabinet, was described as a “pool” of water with some depth to it. It extended from the end of the aisle to the dairy case at the back wall. Arruda saw no liquid on the floor before she fell, and so knew neither how long the liquid had been there nor its source.
At the time of the incident, D and P was under contract with Stop and Shop to provide “after-hours” floor-cleaning services, including washing, waxing, stripping, finishing, and polishing the floors as needed. Under the contract, D and P was scheduled to work between 12:00 midnight and 8:00 a.m. The contract did not require D and P to keep the floors free from any debris or foreign substances.
Assuming without deciding that D and P, an independent contractor, owed a duty to the plaintiff, see Smith v. August A. Busch Co. of Massachusetts, Inc., 329 Mass. 615 (1953), the evidence is silent as to any nexus between Arruda’s injuries and conduct of D and P. Arruda failed to establish that D and P caused the substance to be on the floor, that D and P had actual knowledge that the substance was on the floor, or that the substance was on the floor for such a length of time *2 that D and P should have known about it. See Oliveri v. Massachusetts Bay Transportation Authority, 363 Mass. 165, 167 (1973). Further, there is no evidence to show that D and P washed the floor in the subject area prior to Arruda’s fall, caused the area to become wet, was aware of the liquid in the area, or even that D and P was on the premises at the time of Arruda’s fall.
This case is distinguishable from Rolanti because here any conclusion as to D and P’s negligence requires impermissible speculation and conjecture. In Rolanti, the Appeals Court held that despite the lack of direct evidence, the plaintiff, injured by a fallen utility pole, established the utility company’s negligence by circumstantial evidence. “Facts, which as a matter of practicality are not subject to direct proof, may be proved through inference.” Rolanti, 33 Mass. App. Ct., at 522. To accept Arruda’s position here requires impermissible speculation as to the source of the water, its duration on the floor, and whether D and P created or should have known about it.
In opposition to the summary judgment motion, plaintiffs submitted a document produced by a Stop and Shop employee claiming that D and P was negligent. This one (1) page note, written by store clerk Dorothy Sequeira (“Sequeira”), documented the date and time of the incident, plaintiff’s identifying information, and noted “big puddle of water near cheese/dairy area. Customer took a flip and fell down hard on right side hip and shoulder.” Sequeira did not see the plaintiff fall and wrote down this information only after plaintiff reported the incident to her at the cash register. Sequeira turned this information over to the night crew chief, Peter Brehaut (“Brehaut”). Brehaut was not on the premises at the time of the incident and, in his deposition, did not recall the incident at all. Nevertheless, he added the words “from floor washers” with an arrow pointing to Sequeira’s statement about the “big puddle of water.” This document was then turned over to Brian St. Amour, the store manager. Although he was not present at the time of the incident, he wrote a report stating that plaintiff “fell in a puddle of water. On right side (hip and shoulder) — floor wash in progress. NO CONES BEING USED AT TIME.” Plaintiff argues that this information constitutes evidence of D and P’s negligence, and, standing alone, establishes a genuine issue of material fact. The plaintiff’s reliance on unreliable documentary evidence demonstrating Stop and Shop’s belief that the liquid on the floor was caused by D and P is insufficient to establish a genuine issue of material fact. This self-serving hearsay is based upon impermissible speculation by Stop and Shop personnel. None of these assertions was based on personal information or observations. Hearsay opinions such as these are inadmissible in evidence and therefore cannot be properly considered in deciding the motion for summary judgment. See Madsen v. Erwin, 395 Mass. 715, 721 (1985) (hearsay in an affidavit unacceptable to defeat well supported motion for summary judgment).
Arruda did not present any genuine issues of material fact as to D and P’s negligence. Accordingly, the motion judge’s allowance of summary judgment in favor of D and P is affirmed.