ANTONE BELLEVEAU *vs.* S. C. LOWE SUPPLY COMPANY.

Bristol.    October 27, 1908. — November 24, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Evidence, Res gestae,* Remoteness.   *Practice, Civil,* Conduct of trial.

In an action, by a boy nineteen years of age when injured, for personal injuries from being run into from behind by an automobile of the defendant as the plaintiff with two companions of about his own age was walking on a State highway on a very dark evening, there was evidence that as the three boys walked along they were taking precautions against anything coming from behind, and that they listened and in turn looked back.   The plaintiff offered to show, as bearing on the question of his due care, that just before the accident one of his companions turned and looked back and said, " There are two cars coming," and then looked back a second time and said, " Let's hurry up, we can catch the second car at Reed's Corner."   By other evidence it appeared that what they mistook for the second car was the automobile that ran down the plaintiff.   The judge excluded the evidence offered by the plaintiff.   *Held,* that this exclusion was error; that it was a question for the jury whether the plaintiff and his companions had not the right to rely upon each other, and that, if they were justified in relying upon each other, what one said to the others as he turned and looked back was competent, in connection with other facts in the case, to show the circumstances under which the plaintiff acted.

In an action for personal injuries from being run into from behind by an automobile of the defendant as the plaintiff, with two companions, was walking on a State highway on a very dark evening, the plaintiff and one of his companions testified that they looked back and saw the defendant's automobile approaching with only one light in front, which led them to think that it was an electric car which would pass them on the track by the side of which they were walking. The defendant called as a witness the chauffeur who was driving the automobile at the time of the accident.   He testified that there were four lights on the car and that they all were lighted.   On cross-examination he testified that he understood that the law required him to have the number of the machine on the lights or on any two lights in front.   He was asked, " Were there any numbers on either light ? " and answered " No."   At the defendant's request and against the plaintiff's objection, the presiding judge struck out this answer and refused to allow the plaintiff to go into the matter.   The plaintiff excepted.   He contended that the testimony that there were no numbers on the lamps furnished a reason for not lighting the lamps and therefore would have tended to affect the weight to be given to the testimony of the chauffeur and to corroborate the evidence of the plaintiff that only one lamp was lighted on the automobile.   *Held,* that the exception must be overruled, as the judge well might have thought that the connection between the absence of numbers on the lamps and the accident was so remote as to render the evidence of no value, and, if he thought so, its exclusion was proper.

TORT for personal injuries from being run down by an automobile of the defendant. Writ dated August 15, 1907.

In the Superior Court the case was tried before *Raymond*, J. The jury took a view. The plaintiff offered evidence tending to show the following facts: On January 6, 1907, at about half-past eight o'clock at night, while he was travelling with two other boys of about his age, nineteen years, on the level State highway between Fall River and New Bedford, he was struck by an automobile owned by the defendant, engaged in the defendant's business and in charge of the defendant's chauffeur. At the place where the accident happened the highway was about twenty-five feet wide, and ran east and west. The plaintiff was walking to the west. On the south of the highway were double tracks for the street railway company. Next to the north rail on the north track "there was about five feet of level road, then fifteen feet of macadam, and then five feet more of level road." The plaintiff and the two boys with whom he was walking had ridden over from Fall River on the street car to say good-by to a companion who was moving to New Bedford. They were carried beyond Reed's Corner, which is the fare terminal, and, having got out of the car, they were walking back about three hundred yards to save the nickel fare and to catch at Reed's Corner the car running from New Bedford to Fall River. The night was very dark, and as the boys walked back they kept on the left hand, or southern, half of the highway. One boy, Brodeur, was next to the north rail and about five feet away from it, then came another boy walking at his shoulder, and then the plaintiff, the three walking abreast and close together. The plaintiff testified in his own behalf that when they started back and as they walked along they all three were taking precautions against anything coming on them from behind; that they listened and that in turn they looked back; that when the plaintiff first looked back there was nothing coming from behind; that a little later Brodeur looked back, and right after looking back he spoke to the plaintiff and the other boy; that the plaintiff looked back then and that he saw what he thought to be two cars coming on the north track; that each car had one light in front; that this was about a quarter of a minute before he was hurt; and that later Brodeur looked back just before the first car passed them on the track, and that

Brodeur, right after looking back, spoke again to the plaintiff and the other boy, and they hurried along ; and that very soon after that the plaintiff was struck from behind by the automobile while he was walking on the left half of the highway, and was thrown into the air and injured.

The plaintiff was asked: " What did Brodeur say to you when he turned around and looked back ? " The defendant objected, and the plaintiff's counsel offered to show that as the boys walked along they were in part relying on each other to look out for things coming from behind, and warn about them, that Brodeur the first time he turned said : " There are two cars coming," and that the second time he turned he said: " Let's hurry up, we can catch the second car at Reed's Corner." The plaintiff asked the question and made his offer of proof as bearing upon the due care of the plaintiff, but the judge, against the exception of the plaintiff, excluded the question and offer of proof.

Brodeur, called by the plaintiff, testified that back of the place of the accident the road was straight for more than a mile ; that, after the plaintiff and the other boy and himself started to walk, the witness looked back twice, and the first time he saw two lights on the track side ; that he spoke to the other boys ; that all three were paying attention and looking and listening for things coming from behind ; that just before the accident and after the first car passed them, the witness looked back and saw what he thought was the second car, and spoke to the plaintiff and the other boy ; that what he thought was the second car coming had only one light in front, and that he was led to believe by the one light that it was a street car, but that it was the automobile. The counsel for the plaintiff asked the witness what he said when he turned back the first time and what he said when he turned back the second time, and made the same offer of proof that was made on the questions to the plaintiff. The judge excluded the questions and the plaintiff's offer of proof, and saved the plaintiff's exceptions.

One Marks, the chauffeur who was driving the automobile at the time of the accident, was called as a witness by the defendant and gave an account of the accident which differed from that of the plaintiff. He testified that he was taking the automobile

from New Bedford to Fall River to meet people who were coming on the train from Providence. His testimony in regard to the lights on the automobile is stated in the opinion. On cross-examination he testified that he understood that the law required him to have the number of the machine on the lights, or on any two lights in front. He then was asked the question, " Were there numbers on either light? " and answered " No," but, at the defendant's request and against the plaintiff's exception, the judge struck out the answer and refused to allow the plaintiff to go into the matter. " The judge's ruling was not in any case based on the ground of discretion." The judge submitted the case to the jury with instructions to which no exceptions were taken. The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*C. R. Cummings,* (*J. Little* with him,) for the plaintiff.

*D. F. Slade,* for the defendant.

MORTON, J. This is an action of tort to recover for injuries sustained by the plaintiff in consequence of being run over by an automobile owned and operated by the defendant. There was a verdict for the defendant, and the case is here on exceptions by the plaintiff to the exclusion of certain testimony that was offered by him. We think that there was error in the exclusion of the testimony and that the exceptions must be sustained.

The accident occurred on January 6, 1907, at about half past eight at night while the plaintiff, with two companions of about his own age, was walking toward Fall River on the State highway between Fall River and New Bedford. The night was very dark. The highway ran about east and west, and at the place where the accident happened was about twenty-five feet wide and was straight and level for about a mile in the direction from which the automobile was coming, which was from New Bedford. On the south side of the highway were double tracks for the street railway, next to the north rail of the north track was about five feet of level road, then fifteen feet of macadam, and then five feet more of level road. The plaintiff and his companions kept on the southern or left hand half of the highway. The plaintiff testified that "as they walked along they were all three taking precautions against anything coming on them from behind; that they listened and in turn they looked back." There was

testimony tending to corroborate this. The plaintiff offered to show as bearing on the question of his due care that just before the accident one of his companions turned and looked back and said, " There are two cars coming," and then looked back a second time and said, " Let's. hurry up, we can catch the second car at Reed's Corner." This evidence was excluded. We think that it should have been admitted for the purpose for which it was offered. It could not be ruled as matter of law that the plaintiff and his companions had not the right to rely upon each other. Whether in the exercise of due care they were justified in doing so was for the jury to say. If they were justified in relying upon each other, then what one said to the others as he turned and looked back was clearly competent as tending to show in connection with the other facts in the case the circumstances under which the plaintiff acted and with reference to which his conduct was to be judged. See *Sullivan* v. *Scripture*, 3 Allen, 564.

The defendant called its chauffeur as a witness, and he testified that there were four lamps on the car and that they were all lighted. On cross-examination he testified that he understood that the law required him to have the number of the machine on the lights or on any two lights in front. He was then asked " Were there any numbers on either light? " and he answered " No," but upon the defendant's request and against the plaintiff's objection the judge struck out the answer and refused to allow the plaintiff to go into the matter and the plaintiff excepted. The plaintiff contends that there was evidence tending to show that but one lamp was lighted on the automobile, and that that was what led the plaintiff and his companions to think that the light was that of a street car; and he further contends that testimony that there were no numbers on the lamps would have furnished a reason for not lighting the lamps and would therefore have tended to affect the weight to be given to the chauffeur's testimony, and to corroborate the testimony introduced by the plaintiff. He does not now contend that the violation of law contributed or could have been found to contribute to the accident, and there is nothing to show that he made any such contention at the trial. The judge well may have thought that the connection between the absence of numbers on the

lamps and the accident was so remote as to render the evidence of no value and have excluded it on that ground. But because of the error in the exclusion of the testimony that was offered as to what was said by the plaintiff's companion the entry must be

*Exceptions sustained.*