MERRILL DAVIS *vs.* JOHN L. WHITING & SON COMPANY.
SAME *vs.* ABRAM F. GRANT.

Suffolk.    January 20, 1909. — February 24, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Negligence*, Of one controlling real estate, Due care of plaintiff, Violation of ordinance as evidence of negligence. *Nuisance. Evidence. Practice, Civil,* Verdict.

One in control of a building, which is furnished with fire shutters, who has made a contract with a painter by which the painter agreed to paint all the shutters on the building for a price named, it being intended that the work should be done without removing the shutters from the building, is not liable to a traveller on the adjoining highway, who, while in the exercise of reasonable care, is injured by one of the shutters falling upon him, owing to the negligence of the workmen of the painter, while hoisting a ladder used as a staging, in allowing it unnecessarily to move upward so near the wall of the building as to lift the shutter off its hinges as it lay open against the wall, or in not temporarily closing such of the shutters as were in the way before drawing up the staging.

One, who is walking in a narrow street in a city and, by reason of an obstruction of the sidewalk on one side, crosses to the other side, where there is no barrier or warning to indicate the presence of danger, but where above him there is a ladder staging of but little weight suspended on the side of a building by ropes and pulleys, with men in the street holding the ropes in their hands, is in no way negligent in failing to anticipate and avoid the falling of a shutter lifted off its hinges by the hoisting of the staging.

In an action against a master painter for personal injuries from the falling of one of the shutters of a building by reason of its being lifted off its hinges by the hoisting of a ladder used as a staging on the side of the building by the workmen of the defendant, the plaintiff may show that the defendant's permit from the superintendent of streets did not authorize the use of the street where the accident happened and that the defendant was occupying the street in violation of an ordinance, this being some evidence of negligence, which in connection with other facts may become of importance, but, if at the close of the evidence it is plain that the violation of the ordinance was not the direct and proximate cause of the accident, the defendant is entitled to have the jury instructed to that effect.

Where a violation of a statute or of an ordinance is relied upon as evidence of negligence, the circumstances of the violation may be shown to diminish the effect which it otherwise would have as such evidence.

In two actions by the same plaintiff, which were tried together, one against the person in control of a building for injuries from the falling of one of the shutters of the building by reason of its being lifted off its hinges by the hoisting of a ladder used by painters as a staging, and the other for the same injuries against the master painter whose workmen were hoisting the staging for their use, the judge erroneously instructed the jury that there was evidence of negligence on the part of the defendant in the first case, and then further instructed them that if they found against the defendant in the first case they also must find

against the defendant in the second case. The jury returned a verdict for the plaintiff in each of the two cases, and both defendants excepted. *Held*, that under the instructions of the judge the jury might have returned the verdict against the defendant in the second case merely as a consequence of the verdict in the first case, without considering other and proper grounds on which the defendant in the second case might have been found liable, and therefore that the exceptions of the defendant in the second case must be sustained as well as those of the defendant in the first case. ·

KNOWLTON, C. J. These are two actions tried together in the Superior Court, brought to recover for an injury received by the plaintiff from the fall of a shutter from a building occupied and kept in repair by the defendant in the first action, the shutters of which were being painted by the defendant in the second action. The plaintiff contended that he was walking through Belcher Lane, a public highway in the city of Boston, in the exercise of due care, and that the defendant Grant and his servants negligently suffered the shutter to fall upon him from the fifth story of the building, while they were drawing up a ladder used as a staging, with ropes and pulleys along the face of the wall, in such a way that the ladder lifted up the shutter from its hinges as it was open against the wall, and left it without support. He also contended that the defendant in the first case made a contract with the defendant in the second case for the painting of the shutters, the performance of which contract necessarily involved such danger to travellers upon the street below that it was legally bound to protect them from the danger. The jury found against both defendants, and the cases are here upon exceptions. We will consider first the case against the occupant of the building.

The jury were instructed to answer this question : " Was the work of painting the shutters on the building necessarily attended with danger to persons passing along Belcher Lane ? " They answered it in the affirmative. If the question meant, " Was there such risk of accident from the probable negligence or want of skill of some of the workmen as necessarily to involve an appreciable danger of injury to persons passing below," there was evidence to warrant the finding. But the finding of this fact would not create a liability on the part of the defendant in the first action. The evidence was undisputed that Grant made a contract to paint the shutters for an agreed price, and that the

other defendant had no right of control over him in doing the work. There was no evidence of any attempt to exercise supervision or control of him in the performance of the contract, otherwise than to see that what he did and furnished was in accordance with the requirements of the contract. There was, therefore, no liability on the part of the defendant in the first action for the negligence of Grant or of his servants. The attempt to hold the corporation liable is on the ground recognized in *Woodman* v. *Metropolitan Railroad,* 149 Mass. 335, *Curtis* v. *Kiley,* 153 Mass. 123, and *Wetherbee* v. *Partridge,* 175 Mass. 185. The cases in which this liability exists are generally where the defendant contracts for the creation of a condition of his property, or for a use of his property, which condition or use necessarily causes danger to others, unless precautions are taken to protect them from the consequences of such condition or use. One who brings into existence such a danger, even if he does it through an independent contractor, ought to guard against the probable effect of it. But the principle does not apply to cases where the danger does not come from the condition of the property or the use of it with proper skill and care, but comes only from an unskilful or negligent act of the contractor or his servants, even if a lack of skill or care on the part of some of the persons engaged in the business reasonably may be expected. The distinction is well stated in *Boomer* v. *Wilbur,* 176 Mass. 482, in which such instructions as were given in the present case were held to be erroneous, as applied to the facts then before the court. Mr. Justice Hammond said in the opinion: " The accident was caused by the act of the contractor in doing what it was not necessary for him to do, what he was not expected to do, and what he did not intend to do. If it had been necessary for him to topple the chimney over into the street, or to remove the bricks by letting them fall into it, or the contract had contemplated such action, the instructions would not have been objectionable ; but as this was not necessary or intended, the work could not be classed as work which, if properly done, was ordinarily attended with danger to the public." This may be said with equal truth in the present case. In the performance of the contract it was not necessary for the contractor to drop a shutter upon the walk below. It was not

expected or intended that he should do it. His contract was to paint all the shutters on the building. The evidence tended to show that such shutters were always painted on the building, and that they would be expected to be painted there. The jury might well find that this contract was intended to be performed without a removal of the shutters. But painting the shutters upon the building did not necessarily make the building a nuisance, or put it into a dangerous condition, such as to make it an object of peril to travellers on the street.

The only danger referred to in the testimony was connected with the movement of the staging on the side of the building, and the only particular in which the testimony tended to show that this was dangerous was in lifting the ladder when it was suffered to be so near the wall as to come under the shutters that were open on the side of the building. But the undisputed testimony was that the ropes by which the ladder was raised descended from pulleys near the eaves, and that these ropes came down behind the ladder, between it and the wall, and that it was easy, by pulling the ropes away from the building, to hold the ladder away from the shutters, so that it would not lift the shutter from its hinges. There was evidence not only that this building had been painted before with the shutters on it, but that buildings with such fire shutters were always so painted, and there was nothing to show that a shutter ever fell from such a cause before or afterwards. There was no evidence that the shutter was out of repair or improperly constructed. The only evidence as to the cause of the accident tended to show that there was a lack of skill, or a lack of care in moving the staging.

Even if there had been evidence that the moving of the staging in this way would have been a use of the building that made it dangerous to passers by, there was no evidence that other methods might not have been adopted without taking the shutters from the building, which would not have been necessarily dangerous if proper skill and care were used. It is not to be assumed without evidence that it was impossible to move the staging without serious danger of dropping the shutters. The method of doing this was within the control of the contractor, and under his contract he had a right to do it in any reasonable way that safety demanded. If to do this safely and properly it was neces-

sary temporarily to close the shutters at the point where the ladder was being lifted, while the staging passed by, he had a right, upon the evidence, to do it, and there is no reason to suppose that the company would have objected to his doing it.

It seems that the danger which the jury were permitted to find sufficient to create a liability on the part of this defendant was that which is incident to doing difficult work, where an injury may result from the lack of the exercise of skill and care, or even from pure accident. This is a different kind of danger from that which was made a ground of recovery in the cases above cited. See also *Ainsworth* v. *Lakin,* 180 Mass. 397; *Cabot* v. *Kingman,* 166 Mass. 403; *Flynn* v. *Butler,* 189 Mass. 377; *Bower* v. *Peate,* 1 Q. B. D. 321, 326, 327; *Hughes* v. *Percival,* 8 App. Cas. 443; *Penny* v. *Wimbledon Urban Council,* [1898] 2 Q. B. 212; *S. C.* [1899] 2 Q. B. 72; *Engel* v. *Eureka Club,* 137 N. Y. 100, 104; *Water Co.* v. *Ware,* 16 Wall. 566, 576; *Bibb* v. *Norfolk & Western Railroad,* 87 Va. 711. There was no evidence to show inherent danger to travellers on the street in painting shutters on a building.

This view of the case makes it unnecessary to consider other questions raised by the bill of exceptions in the first case. The defendant's first request should have been given.

In the second case an important question was whether there was evidence that the plaintiff was in the exercise of due care. He was walking in a narrow street where there was no barrier or warning to indicate the presence of danger. By reason of obstructions upon the walk, on one side, he crossed to the other side where the walk was clear. All that was above him was a ladder staging of but little weight, sustained by ropes and pulleys, with men then holding the ropes in their hands as they stood in the street. He had no reason to expect the fall of the shutter, and there was no evidence that he knew or appreciated the risk of such an accident as befell him. The cases of *Kilroy* v. *Foss,* 161 Mass. 138, *Slade* v. *Beattie,* 186 Mass. 267, and *Nye* v. *Dutton,* 187 Mass. 549, relied on by the defendant, are very different in their facts, and not conclusive against a recovery by the present plaintiff. We are of opinion that there was no error in the judge's rulings and refusals to rule on this part of the case.

That a person is acting in violation of a statute or ordinance is

held some evidence of his negligence, and it was competent to show that the defendant's permit did not authorize the use of the street where the accident happened, and that he was occupying the street in violation of an ordinance.*   Whether this evidence would be of much importance, in connection with the other facts in the case, was not apparent in the beginning.   When the evidence was closed we think it was plain that the violation of the ordinance was not the direct and proximate cause of the accident, and we think that, upon the defendant's request, the jury should have been so instructed.   The violation of a statute, although ordinarily evidence of negligence, is not conclusive evidence. It has been held that it may be so remote as not to be material, and not to require a submission of the case to the jury.  *Glassey* v. *Worcester Consolidated Street Railway,* 185 Mass. 315.   *Farrell* v. *Sturtevant Co.* 194 Mass. 431, 434.   *Belleveau* v. *Lowe Supply Co.* 200 Mass. 237.   So too, where a violation of a statute or ordinance is relied upon as evidence of negligence, the circumstances may be shown, if they have a tendency to explain the unlawful conduct and to diminish the effect that otherwise would be given to it as evidence of negligence.  *Hanlon* v. *South Boston Horse Railroad,* 129 Mass. 310.

The judge gave the jury the following instructions: "If you find against the Whiting Company, you must also find against the defendant Grant.   If the Whiting Company is liable Grant is also liable. . . . If the Whiting Company is found negligent it follows that Grant is also negligent."

As we have already seen, the jury were permitted to find against the Whiting Company on the ground that the contract for painting the shutters was one which involved a necessary danger to the public, passing on the street, and which therefore made it the legal duty of the Whiting Company to take measures for the protection of the public from the danger which was necessarily incident to the proper performance of the contract. The verdict for the plaintiff against the Whiting Company on this ground was erroneous, as there was no evidence to support it. On finding such a verdict the jury was obliged, under the instructions, to find against the defendant Grant, irrespective of the

---

* Revised Ordinances of Boston of 1898, c. 38, § 8, as amended in 1905, c. 38, § 8.

question whether they could find against him on any proper ground. The verdict against the Whiting Company being unfounded, it seems probable, at least it is not impossible, that the same error entered into the verdict against Grant. On both cases the entry must be

*Exceptions sustained.*

*R. Spring,* (*W. Rand* with him,) for the defendant in the first case.

*R. B. Stone,* for the defendant in the second case.

*E. R. Anderson,* (*F. E. Jennings* with him,) for the plaintiff.