HENRY K. HERRICK vs. CITY OF SPRINGFIELD.

SAME vs. S. J. GROVES & SONS COMPANY.

Hampden.    October 3, 1934. — October 24, 1934.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Negligence*, In setting and controlling fire, Independent contractor. *Municipal Corporations*, Liability in tort. *Agency*, Independent contractor.

A corporation, under contract to clear and burn over certain timber land more than a mile in length preparatory to the construction of a reservoir, started a fire about two thousand feet from land of an adjoining owner in a forenoon when there was not much wind, using about eighteen or twenty men at the work. The wind was toward the land of the adjoining owner. Shortly after noon the fire "got away." Then there was "plenty" of wind. The fire spread and burned over from one hundred to one hundred twenty-five acres of timber of the adjoining owner. A judge, who without a jury heard an action brought by the adjoining owner, found the foregoing facts and that the corporation was negligent. *Held*, that
    (1) A finding was warranted that in the circumstances eighteen or twenty men were an insufficient force to control the fire;
    (2) The finding of negligence was warranted.
A city, for the purposes of its water supply, made a contract with a corporation for the construction of a reservoir which required the clear-

ing and burning over of timber land owned by the city, more than a mile in length. That corporation made a subcontract with another corporation to do the work of clearing and burning, which subcontract provided that the general contractor should pay all bills of the subcontractor with its checks, should pay the employees of the subcontractor directly, and should select and pay a person to act as clerk and timekeeper for the subcontractor. The general contractor paid for insurance issued to the subcontractor, bought tools which the subcontractor needed, and "made direct payments on everything connected with the . . . job." Negligence of the subcontractor in performance of the work of burning caused damage to an adjoining landowner, who brought actions of tort both against the general contractor and against the city, at the trial of which the general contractor's engineer testified that he had personal knowledge of the burning operation, that "it was done under his supervision the same as any subcontractor," although "he did not go around and tell" the subcontractor what to burn. A judge who heard the actions without a jury found that by virtue of their subcontract the general contractor had complete control over the operations of the subcontractor, and found for the plaintiff both against the city and against the general contractor. *Held,* that

(1) The finding was warranted that the general contractor had complete control over the work of the subcontractor and was liable to the plaintiff;

(2) The city, notwithstanding its contract with the general contractor, was liable for consequences of negligence in the performance of the burning by the subcontractor, since the work was upon land of the city to which it retained the right of access and was of such a character that wrongful consequences necessarily must result unless they were properly guarded against.

TWO ACTIONS OF TORT. Writs dated July 2, 1931.

The actions were heard together in the Superior Court by *W. A. Burns,* J., without a jury. Material evidence is described in the opinion. The record stated that the judge "rules that by virtue of the contract between defendant, S. J. Groves & Sons Company and Wood & Wood, Incorporated, the former had complete control over the operations of the latter."

There was a finding against each defendant in the sum of $1,400. The defendants alleged exceptions.

The case was submitted on briefs.

*G. F. Leary & R. W. Hardy,* for the defendants.

*C. F. Ely,* for the plaintiff.

CROSBY, J. These are two actions of tort brought to recover for damages caused by fire to the plaintiff's timber,

wood and fences in the town of Blandford, in this Common-wealth. The cases were heard together by a judge of the Superior Court sitting without a jury, who found for the plaintiff in each case in the sum of $1,400.

It is recited in the exceptions of the defendant city that it was engaged in constructing a dam and reservoir for its water supply in the town of Blandford. It let the contract. for the performance of this work to the defendant S. J. Groves & Sons Company; this company sublet the contract for clearing and burning over the land within the reservoir area, which was a part of the work, to Wood & Wood, Incorporated, for $81,500. The contract between S. J. Groves & Sons Company and Wood & Wood, Incorporated, expressly stipulated that the former should pay all the employees of the latter by checks made out directly to such employees, and should pay all bills of Wood & Wood, Incorporated, with its (S. J. Groves & Sons Company's) checks. While Wood & Wood, Incorporated, was engaged under its contract in burning over some of the area, the fire got out of control and spread over land of the plaintiff and burned a portion of it. There was evidence that the land of the city had to be burned over properly to prepare it to receive water; that at the time of the burning the land was covered with brush and trees and they were all burned by order, or by contract, of the city of Springfield. From the starting point of the fire to the nearest boundary of the plaintiff's land was about two thousand feet. The work was under the control of S. J. Groves & Sons Company, but Wood & Wood, Incorporated, was the contractor who actually did the work of clearing and burning the reservoir area. The fire occurred on April 21, 1931. On that day Wood & Wood, Incorporated, had a permit from the forest warden of Blandford to burn an area over a mile in length. The forest warden testified that in the forenoon of that day "they didn't have much wind; after the fire got away, they had plenty." There was evidence that at about 12:30 o'clock the fire had got beyond control; that the Herrick property was north of where the fire started and the wind was from the south; that Wood & Wood, Incorporated,

had about eighteen or twenty men working burning the brush at the time the fire started; that later it had about three hundred men and four fire trucks fighting the fire; and that from one hundred to one hundred twenty-five acres of the plaintiff's land were burned over. The judge found that Wood & Wood, Incorporated, was negligent in its control of the fire which it started on land of the city; that it spread to the plaintiff's land, and that more than one hundred acres of timber, pasture and meadow land were burned over.

At the close of the evidence each defendant moved that a finding be made in its favor. These motions were denied subject to the defendants' exceptions. Each defendant also excepted to the refusal of the judge to rule that the plaintiff introduced no evidence of negligence of the defendant, and that the defendant was not liable for the negligence of Wood & Wood, Incorporated, or its employees.

It could have been found to be an act of negligence on the part of Wood & Wood, Incorporated, to start the fire without a sufficient force of men to control it, and that only eighteen or twenty men were an insufficient force to control a fire of such magnitude. It follows that the finding of the trial judge that Wood & Wood, Incorporated, was negligent in its control of the fire was warranted. It has long been settled in this Commonwealth that one who negligently sets a fire on his land and keeps it negligently is liable to an action for any damage done by its spreading to the land of another. *Barnard* v. *Poor*, 21 Pick. 378. *Perley* v. *Eastern Railroad*, 98 Mass. 414, 418. *Higgins* v. *Dewey*, 107 Mass. 494. *Gates* v. *Boston & Maine Railroad*, 255 Mass. 297, 301.

As to the liability of the defendant S. J. Groves & Sons Company, its engineer testified that he had personal knowledge of the burning operations; that "it was done under his supervision the same as any subcontractor; he did not go around and tell Wood what to burn; that was in their written contract." The exceptions of S. J. Groves & Sons Company recite that its contract with Wood & Wood, Incorporated, expressly stipulated that the former should pay

all the employees of the latter by checks made out directly to such employees, in fact should pay all bills of Wood & Wood, Incorporated, with its checks. It also appears that, by the terms of the contract with Wood & Wood, Incorporated, S. J. Groves & Sons Company selected and paid a person to act as clerk and timekeeper to Wood & Wood, Incorporated; that S. J. Groves & Sons Company paid for insurance issued to Wood & Wood, Incorporated, and bought tools it knew were needed and "in fact made direct payments on everything connected with the Wood & Wood job" until the work was finished, regardless of the contract. The trial judge found and ruled that S. J. Groves & Sons Company, the general contractor, as part of its contract with the defendant city was obligated to clear the land and burn the brush; and that it sublet the clearing and burning to Wood & Wood, Incorporated, which did the actual work of clearing the land.

We are of opinion that upon the evidence the Groves Company could have been found to be an independent contractor which was doing the work of burning the brush and clearing the land within the reservoir, and had complete control over the operations of Wood & Wood, Incorporated.

The setting of a fire, like blasting and other dangerous work, is liable to damage and injure others unless adequate precautions are taken to protect them from the consequences of such work. *McConnon* v. *Charles H. Hodgate Co.* 282 Mass. 584, and cases cited on page 589. As a general rule a person is liable for the negligence of his servants and agents engaged in his business; yet where one is employed under an entire contract for a stipulated sum, and is not under the control of his employer, the relation is held to be that of contractor and contractee, and not that of master and servant, and the contractor alone is liable for negligence in the performance of the work. There are, however, certain well defined exceptions to this general rule. It is held that "If the performance of the work will necessarily bring wrongful consequences to pass unless guarded against, and if the contract cannot be performed except under the right of the employer who retains the right of access, the

law may hold the employer answerable for negligence in the performance of the work." *Boomer* v. *Wilbur,* 176 Mass. 482, 484. *Woodman* v. *Metropolitan Railroad,* 149 Mass. 335. *Wetherbee* v. *Partridge,* 175 Mass. 185. *Boucher* v. *New York, New Haven, & Hartford Railroad,* 196 Mass. 355, 359, 360. *Coles* v. *Boston & Maine Railroad,* 223 Mass. 408, 414. *McGinley* v. *Edison Electric Illuminating Co. of Boston,* 248 Mass. 583. *Levesque* v. *Hildreth & Rogers Co.* 276 Mass. 429. In the case of *McConnon* v. *Charles H. Hodgate Co.* 282 Mass. 584, recently decided by this court, it was said at page 589: "Blasting is a dangerous business when carried on close to a city street in a neighborhood where many are at work within the range of missiles from an uncovered or negligently covered blast." It is plain that in the present case to set a fire to burn over an area more than a mile in length, adjoining land of the plaintiff, with only eighteen or twenty men to guard it from spreading to adjacent land was an act accompanied with great danger and could have been found to be an act of negligence for which the defendant city would be liable for the damage caused to the plaintiff. The city which employed another to burn over the land was required to use reasonable care to prevent the fire from spreading to other land not owned by it. "One who employs another to do it must use all reasonable care to guard against injury to others, and may be found not to meet that degree of care merely by employing a suitable person to do it." *McConnon* v. *Charles H. Hodgate Co., supra.*

The evidence warranted a finding that the damage sustained by the plaintiff was due to negligence on the part of S. J. Groves & Sons Company and of the city of Springfield. The requests submitted by the defendant in each case could not properly have been given.

*Exceptions overruled.*