ESTELLE MARTIS RASIMAS *vs.* MARTHA O. SWAN.

Worcester.    May 28, 1946. — June 29, 1946.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Negligence,* Repairs, Independent contractor, One owning or controlling real estate.    *Evidence,* Admissions and confessions.

A finding of negligence of the owner of a house toward a domestic servant injured in the course of her work by stepping on a nail sticking up from a stair tread lying on the floor after removal from a stairway in the course of carpentry repair work performed by an independent contractor engaged by the owner was not warranted by evidence not showing how or when the tread came to be lying where it was or that the owner, who had been absent from the house for several hours at the time of the accident, knew or should have known of the presence of the tread on the floor, although there was evidence that before leaving the house the owner had told the servant not to "worry about anything as far as the repairing goes; it is perfectly safe for you to go" to the place where the repair work was being done.

A statement by the owner of a house to a domestic servant injured by stepping on a protruding nail, not to "worry about all this. I am sorry it happened, but I shall compensate for your loss by increasing your wages when you return" to work, followed by such increase for one week during which the servant remained employed on her return, was not evidence of an admission of liability for the accident.

TORT.    Writ in the Central District Court of Worcester dated June 15, 1943.

Upon removal to the Superior Court, the case was tried before *Donnelly,* J.

In this court the case was submitted on briefs.

*Nicholas Fusaro & Nunziato Fusaro,* for the plaintiff.

*L. E. Stockwell,* for the defendant.

WILKINS, J.    The plaintiff, a domestic servant employed by the defendant, brings this action of tort for personal injuries received in the performance of her duties. The plaintiff's sole exception relates to the direction of a verdict for the defendant. The only witness was the plaintiff. From her testimony these facts could have been found. On August 7, 1940, the plaintiff, who had been working

for the defendant seven months, arose at 6 A.M., and as she left her room on the third floor to go downstairs, she observed that two treads were missing from another stairway leading to the attic, and that carpentry tools were there. She did not see the treads themselves. She knew that repair work had been going on for two days. She descended to the first floor and went about her work. About 10:30 A.M. the defendant left the house. Before leaving she gave the plaintiff some instructions in the kitchen in the course of which she told the plaintiff to remove all the linen from the beds and to take it to the third floor. The plaintiff said, "[Do] you mind if I leave it downstairs for today, since he is repairing upstairs?" The defendant replied, "Estelle, don't worry about anything as far as the repairing goes; it is perfectly safe for you to go up there." The carpenter left at noon. At 3 P.M. the plaintiff, who had the linen in a basket on the first floor, undertook to carry it upstairs. When she reached the third floor she placed her foot upon the "platform" and stepped on a rusty nail which was sticking up from one of the treads which had been removed from the attic stairway. There were two treads from the attic stairway "right in the passageway of the platform." The tread upon which she stepped was lying parallel with the stairs leading to the third floor about one foot away from the edge of the top landing. The defendant returned about 5 P.M. Two days later the defendant visited the plaintiff, asked her to return to work, and said, "Don't worry about all this. I am sorry it happened, but I shall compensate for your loss by increasing your wages when you return." Several weeks later the plaintiff returned to work for the defendant at an increased compensation, but worked only one week. It was stipulated that at the time of the plaintiff's injury there were two carpenters at work on the defendant's premises making repairs under a contract with the defendant for an agreed price for the work to be done.

There was no error. There was no evidence that the defendant was negligent. Evidence was lacking as to how the tread containing the nail happened to be where it was,

It was not placed there by any act of the defendant, as was the situation in *Rudomen* v. *Green,* 299 Mass. 485. The assurance of safety which turned out to be false was undoubtedly a material factor. *Burwick* v. *McClure,* 318 Mass. 626, 631. But in the circumstances it was not enough to take the case to the jury. There was nothing to show that the treads, the absence of which the plaintiff had observed in the morning, were then in the position which they occupied at the time of her injury. There was no evidence that the defendant prior to the injury knew of, or in the exercise of reasonable care ought to have discovered, the tread containing the nail. *Newell* v. *Wm. Filene's Sons Co.* 296 Mass. 489. *Manning* v. *Smith,* 299 Mass. 318. *Beach* v. *S. S. Kresge Co.* 302 Mass. 544. There was nothing inherently dangerous about the nature of the carpentry work, and this fact sufficiently distinguishes *Levesque* v. *Hildreth & Rogers Co.* 276 Mass. 429, 434, and *Ferguson* v. *Ashkenazy,* 307 Mass. 197, 200–201. The present case falls within the general rule that the "owner or occupant of a building who has used due care in selecting and agreeing with an independent contractor to do lawful work, is not responsible to third persons for the negligence of such contractor or his servants in the performance of the contract, unless the nature of the work is such that a nuisance will be created or wrongful consequences be brought to pass unless guarded against." *Pickett* v. *Waldorf System, Inc.* 241 Mass. 569, 570. *Berman* v. *Greenberg,* 314 Mass. 540, 543–544, and cases cited.

The defendant's expression of regret for the injury was not evidence of an admission of responsibility or of liability. *Dunbar* v. *Ferrera Bros. Inc.* 306 Mass. 90, 93, and cases cited.

*Exceptions overruled.*