ZOTTOLI, J.
This is an action of tort in which the plaintiff seeks to recover damages for personal injuries. His declaration contains two counts. Count 1 alleges that while the plaintiff was walking on the public sidewalk in front of premises in the control and possession of the defendants Meyer and Morris Shapiro, he was struck and injured by a piece of meat thrown from said premises “by the agents, servants or employees of said defendants — .” Count 2 seeks damages from the defendant New England Beef Co., Inc., for injuries received, “due to the negligent operation of a motor vehicle by the defendant New England Beef Co., Inc., by its agent, servant or employee.” The defendants’ answers are general denials. .
At the trial there was evidence tending to show that the plaintiff, • — • while walking on the sidewalk in front of premises at No. 32A North Street, Boston, was struck on the chest by a piece of meat being thrown from said premises to a man on the sidewalk, who was loading said meat on a truck; that plaintiff heard no outcry before he was struck; that he was stunned and that the meat turned him around, that he walked away and a few minutes later, feeling pain in his chest, he returned to the scene, spoke to the person on the sidewalk, then spoke to Meyer Shapiro who took his name and address and told him he would take care of it; that the piece of meat which struck plaintiff appeared to be about 40 pounds in weight and that the man on the sidewalk who caught the meat after it struck the plaintiff, cut his finger in catching it.” From “certain interrogatories and answers in evidence against the defendants Shapiro only, it appears that the said defendants “stated in *[2] effect that they were in the wholesale and retail meat business at the premises and had control and possession of the basement of the premises where their business was conducted and that on the day in question there was a person on said premises throwing meat from said premises to another person on the sidewalk and that said defendants, on that day, had an arrangement with the defendant New England Beef Co., Inc., regarding meat sold to the latter and for which the latter had sent its own. truck to pick up; that the defendants Shapiro did not know the names or addresses of the persons handling said meat, that there were about 50 pieces of brisket of 15-18 pounds each being so thrown.”
It further appears from the “plaintiff’s interrogatories to the defendant New England Beef Co., Inc., and the answers thereto that said defendant was the owner 'of the vehicle which was stopped at the premises on the day in question, that the operator — was agent of said defendant when he was operating the truck; that said operator was assisting in loading Certain merchandise on the defendant’s vehicle, that said vehicle was there to have meat placed upon it.”
At this stage of the case the plaintiff and the defendant New England Beef Co., Inc., rested. The “defendant Meyer Shapiro testified that he had hired one Wellens to move the meat, that Wellens was an independent contractor and was the owner of the business in which he was engaged of lugging meat, in the market district, that he had helpers whom defendant did not know, that he did not watch the men work and that he did not see the plaintiff at any time. In the cross examination the defendant stated that the men do not throw the meat, they pass or toss it from one man to another; that if the men dragged the meat on the floor while moving it, he would not allow it because it would get the meat dirty; that he knew where to get Wellens, that Wellens had worked for him in the past, and that he paid Wellens each Friday for the work that he had done during the week; that he did not pay Wellens’ helpers.
One “John J. Ryan testified that he was the operator of the truck — he had brought down to pick up the meat, that he was standing at the tail board, the other man was just inside the doorway, that he had already received about fifteen pieces of meat, that *[3] he had to turn his back to load the pieces on the truck, and that he had just turned around and saw the plaintiff approaching, that he yelled ‘Hold it,’ the plaintiff kept coming and the meat just brushed off his shirt. The other man was about the second step from the top and another man was about half way down the stairs, there must have been another man but he could not see down there. That the sidewalk is about 12 feet wide and the tossing distance about 4 feet, that he knew three helpers of Wellens as Sam, Joe and Clive, that he had parked the truck to load it and drove it away when loaded, that he knew Wellens for five years in the business of lugging, that he lugged for other companies.”
At the conclusion of the evidence the plaintiff duly filed six “requests for rulings as to the defendant New England Beef Co., Inc-” numbered 2, 3 and 5 filed in the plaintiff’s case against the New England Beef Co., Inc.
It appears from the court’s special findings that the negligent acts Complained of by the plaintiff were committed by agents or servants of an independent contractor over whose action the defendants had no control. The evidence reported does not compel the special findings requested by the plaintiff and they were therefore rightly denied. It is obvious that the court found the case was not within the principle that one who contracts for the doing by another of work of an inherently dangerous character under circumstances in which injury to others is practically certain, unless proper precautions are taken, is not absolved from liability by employing in the exercise of due care a suitable independent contractor and leave the doing of the work to him. As to which see, Boomer v. Wilbur, 176 Mass. 482; Davis v. Whiting & Son Co., 201 Mass. 91; Pickett v. Waldorf System, 241 Mass. 569, 570; Regan v. Superb Theatre, Inc., 220 Mass. 259; Parker v. Taylor, 295 Mass. 51, 55; Bamberg v. Bryan’s Wet Wash Laundry, 301 Mass. 122; Kunan v. DeMatteo, 308 Mass. 427, 429, 430; Berman v. Greenberg, 314 Mass. 540 at 543; Rasimas v. Swan, 320 Mass. 60, 62; Whalen Admx v. Shivek et al, 1950 Mass. A. S. 833, 839.
The trial judge also rightly denied the plaintiff’s requests numbered 2, 3 and 5 filed in the case against the New England Beef Co., Inc., which read as follows :—
Charles J. Abizaid, Atty. for Plff.
Willard, Peterson, Goodspeed & Cameron, Attys. for Dfts. Shapiro, et al.
2. That this defendant, its agents, servants or employees were negligent, causing injury to the plaintiff.
3. That this defendant, by its agents, servants or employees, was negligent in that while loading its vehicle, proper precautions for the safety and protection of the public were not taken.
5. That the acts complained of constituted negligent operation of a motor vehicle. The court denied each of these requests commenting as to each “— I do not so find.”
The evidence reported is sufficient to warrant the finding that the person responsible for the plaintiff’s injuries was an independent contractor for whose acts the defendant was not responsible.
Requests 2, 3 and 5 essentially are requests for findings of fact, not required as matter of law upon the evidence reported and therefore were- rightly denied. Quinby v. Boston & Maine Railroad, 318 Mass. 438, 445; Baker v. Davis, 299 Mass. 345; Perry v. Hanover, 314 Mass. 167, 169, 170; Godfrey v. Caswell, 321 Mass. 161, 163.
It follows from what has been said that there is no error in the court’s treatment of the plaintiff’s requests.
Report dismissed.