Edmund J. **FITZGERALD**, Edward A. Doherty, Jane Doherty, Plaintiffs,

v.

The **CONKLIN LIMESTONE COMPANY**, Inc., Defendant.

Civ. A. No. 1677.

United States District Court
D. Rhode Island.
May 5, 1955.

Joseph Mainelli, Providence, R. I., for plaintiff.

James C. Bulman of Boss & Conlon, Providence, R. I., for defendant.

DAY, District Judge.

In this action plaintiffs, citizens of the Commonwealth of Massachusetts, seek to recover damages for injuries suffered in an automobile accident allegedly caused by the negligence of an agent or employee of the defendant corporation while acting within the scope of his employment. Jurisdiction of this Court is based on diversity of citizenship and the existence of a controversy between the parties in the required jurisdictional amount. 28 U.S.C.A. § 1332. The case was tried without a jury.

The Conklin Limestone Company, Inc., the defendant here, is a Rhode Island corporation engaged in the business of producing and selling agricultural limestone. Its services include the delivery and spreading of said limestone by means of specially equipped trucks.

The evidence adduced at the trial established that although the defendant quarried and processed all of the limestone which it sold, the delivery and spreading of said limestone was, on occasion, performed by other firms engaged by the defendant and paid in accordance with I.C.C. tariffs on file; that one of such firms was Rockland Farms, Inc., a Massachusetts corporation; that on No-

vember 16, 1951 defendant was awarded a contract by the United States Department of Agriculture under the Agricultural Conservation programs; that under said contract defendant agreed to furnish ground limestone of stated specifications to farms in certain counties in the Commonwealth of Massachusetts in accordance with future orders to be made by the Department of Agriculture.

The testimony further established that on September 9, 1952 Mr. Vincent Riley, an officer of Rockland Farms, Inc., removed a five ton truckload of limestone from defendant's plant; that said limestone was "signed out" on a "blank slip", that is, the name of no ultimate consignee thereof was given; that such procedure was in accordance with established custom between the defendant and Rockland Farms, Inc. whereby unnecessary travel by unloaded trucks between defendant's place of business and that of Rockland Farms, Inc. was avoided; that on Septmber 10, 1952 Rockland Farms, Inc. delivered the aforementioned five tons of limestone to one Mr. Horton and, using the equipment of Rockland Farms, Inc. spread the limestone on Horton's farm which is located on U. S. Route 44 in the Town of Rehoboth, County of Bristol, Commonwealth of Massachusetts; that the order for the spreading of said limestone on Horton's farm was subsequently approved by the United States and payment was made in accordance with its contract of November 16, 1951; that said payment to The Conklin Limestone Company, Inc. included the cost of the finished material at Conklin's plant plus the tariff for common carriers filed with the I.C.C.; that Rockland Farms Inc. received its payment from The Conklin Limestone Company, Inc. in accordance with I.C.C. tariffs on file; and that The Conklin Limestone Company, Inc. was obliged to pay Rockland Farms, Inc. for the delivery and spreading of the limestone regardless of whether it received payment from the United States.

Plaintiffs testified that during the spreading operation on Horton's farm clouds of lime dust engulfed the adjacent highway as a result of which the automobile operated by the plaintiff Fitzgerald on said Route 44 adjacent to Horton's farm struck an automobile which had come to a halt on the highway and which, according to Fitzgerald, could not be seen because of the decreased visibility caused by said cloud of lime dust; that as a result of said accident, plaintiff Fitzgerald suffered personal injuries and damages to his automobile and that plaintiffs Edward and Jane Doherty, occupants of Fitzgerald's car, suffered personal injuries.

It was established by the evidence that the defendant, The Conklin Limestone Company, Inc., had no control over the manner in which the limestone was spread; that the decision to spread lime on Horton's farm on September 10, 1952 was made by officials of Rockland Farms, Inc.; that Conklin, on that date, had no knowledge of the said activity and had no authority to direct Rockland Farms, Inc. as to the date or point of delivery of the limestone; that the drivers of the vehicles belonging to Rockland Farms, Inc., including the one spreading the lime on Horton's farm on September 10, 1952, were hired and, if necessary, discharged by Rockland Farms, Inc.; and that The Conklin Limestone Company, Inc. exerted no control over Rockland Farms, Inc.'s drivers or equipment and had no authority to do so.

■ Since the wrong complained of in this action occurred in Massachusetts, this Court is bound to apply the law of that state in determining the rights of the parties. Ewell v. Cardinal, 53 R.I. 469, 167 A. 533; Erie Railroad Co. v. Tomkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

■ Where, as here, the evidence establishes that the truck which was spreading limestone on Horton's farm was owned by Rockland Farms, Inc.; that it was operated by an employee of Rockland Farms, Inc.; that Rockland Farms, Inc. was paid at a fixed price per ton of limestone delivered and spread, that the driver was hired by Rockland

Farms, Inc. and that the operation of the truck and limestone spreader was not under the control of The Conklin Limestone Company, Inc. and that Conklin had no actual control, or right to control, the driver, and that Conklin had no control over any of the operations of Rockland Farms, Inc. and had no knowledge of the spreading of Horton's farm on the day of the accident, the law is clear that at the time of the accident, neither Rockland Farms, Inc. nor the driver of its truck was the agent, servant, or employee of the defendant in operating the truck and spreading the limestone. Fox v. Pallotta, 274 Mass. 110, 174 N.E. 190. Rockland Farms, Inc. had sole control over the manner in which the limestone was spread and was performing said operation in the capacity of an independent contractor which undertook to accomplish a given result, by the use of its own property under its own control.

As a general rule an employer of an independent contractor is not liable to third persons for injuries or damages resulting from the wrongful or negligent manner in which work is done by the independent contractor or his servants. Herrick v. City of Springfield, 288 Mass. 212, 192 N.E. 626; Ferguson v. Ashkenazy, 307 Mass. 197, 29 N.E.2d 828; Whalen v. Shivek, 326 Mass. 142, 93 N.E. 2d 393, 33 A.L.R.2d 74.

To this general rule there are well recognized exceptions and plaintiffs urge that certain of these exceptions are applicable in the instant case. More particularly, plaintiffs contend that the work herein contracted for involved the creation of a nuisance and that the work itself was of an inherently dangerous nature and that hence the defendant must be held liable for the torts or negligence of its independent contractor or its servants.

Where the act which causes an injury is one which the independent contractor was employed to do and the injury results, not from the manner of doing the work, but from the doing of it at all, the employer is liable for the acts of his independent contractor. Thus, where the work contracted for, as distinguished from the method of doing it, itself creates a nuisance, the employer of an independent contractor may be held liable for injuries to third parties resulting from such nuisance. Rasimas v. Swan, 320 Mass. 60, 67 N.E.2d 662.

Here, the operation could have been carried out safely with ordinary precautions without creating a nuisance. Hence the exception claimed by plaintiffs is not applicable here.

Neither is the present case within the principle that one who contracts for the doing by another of work of an inherently dangerous character where in the natural course of events injuries to third persons must be expected to arise unless adequate preventative measures are adopted is not absolved from liability for all injuries to third persons. Under this exception to the general rule each person concerned in the undertaking is liable if through any lack of reasonable care in guarding against the known dangers of the undertaking harm to another results even though the primary cause of the harm is the negligence of an independent contractor to whom the actual doing of the work was intrusted. Davis v. John L. Whiting & Son Co., 201 Mass. 91, 87 N.E. 199, 18 A.L.R. 782; Pannella v. Reilly, 304 Mass. 172, 23 N.E.2d 87; Ferguson v. Ashkenazy, supra; Berman v. Greenburg, 314 Mass. 540, 50 N.E.2d 773.

There was no evidence introduced by the plaintiffs here that spreading of limestone by the use of equipment such as was employed by Rockland Farms, Inc. was an inherently dangerous undertaking within that principle. For all that appears, such an operation was dangerous only when negligently performed or when unforeseeable elements intervened. See Pickett v. Waldorf System, Inc., 241 Mass. 569, 136 N.E. 64, 23 A.L.R. 1014; Kunan v. De Matteo, 308 Mass. 427, 32 N.E.2d 613.

Since the work being done by Rockland Farms, Inc. did not involve the

**536**

creation of a nuisance and was not inherently dangerous, The Conklin Limestone Company, Inc. is not responsible for the result of the former's negligence, if any, and accordingly judgment shall be entered in favor of the defendant.