*Southern District*

## NATIONAL FIRE INSURANCE CO.

### v.

## THEODORE WILLIAMSON et al

*Present*: Nash, P. J., Cox & Sgarzi, JJ.

Case tried to *Driscoll, J.* in the Second District Court of Bristol (Fall River). No. 16,254.

Sgarzi, J. The plaintiff in this action of tort sues for the recovery of damages allegedly caused by the negligent installation of an oil firing central heating system on premises of its assignor, one Mrs. Contouriotis, resulting in soot and smoke damage to her house and personal property. The declaration is in two counts, the first alleging negligence on the part of the defendant Williamson who installed a new boiler, and the second alleging negligence on the part of the defendant Hague an electrician who did the electrical work

involved in the installation of the oil burner. The answer of each defendant contains a general denial and allegation of contributory negligence.

*At the trial there was evidence that* the plaintiff's assignor had trouble with the heating equipment in her single family home in Somerset and called the Pacific Oil Company of Fall River who supplied her oil and serviced her burner. As a result of this call to Pacific she communicated with the defendant Williamson, a licensed plumber, engaged in the plumbing and heating business, who, after examining her heating equipment advised her that the boiler was defective and should be replaced with a new one. Upon engaging him to install the new boiler, the defendant Williamson informed Mrs. Contouriotis that when the new boiler was installed, the services of an electrician would be required to connect her old oil burner to the new boiler. Mrs. Contouriotis stated that she had no electrician whereupon Williamson told her that he would get one. Williamson then called the defendant Hague, a licensed electrician and asked him to do the necessary wiring which he agreed with Williamson to do. Mrs. Contouriotis was not consulted with regard to this arrangement.

The defendant Williamson completed his installation of the new boiler on March 7, 1960 and on leaving the premises told Mrs. Contouriotis to call the Pacific Oil Company who had serviced her oil burner, after the

electrical wiring was completed. The defendant Hague did the wiring on the seventh and eighth of March 1960 with the exception of connecting the aquastat. He billed Williamson for his charges and Williamson in turn included Hague's charge in his bill to Mrs. Contouriotis. She never did call Pacific as requested by Williamson and the new boiler with the old burner attached went into operation on March 8, 1960. On May 5, 1960 the defendant Hague returned to the premises to connect the aquastat and as a result of his negligence in doing this work, a "blow-back" occurred on May 26, 1960 causing the damage complained of. Williamson had never returned to the premises after his installation of the boiler on March 7, 1960. *There was further evidence that* regulations of the Department of Public Safety required the filing of a Completion Certificate with the Fire Department upon the installation or alteration of an oil burner and that Williamson did not file such a certificate. It does not appear from the report whether the defendant Hague did so.

The plaintiff seasonably filed nine requests for rulings of law, seven of which were denied by the judge who found for the plaintiff on its count against the defendant Hague and found for the defendant Williamson on the count against him. The case was reported to this Division because the plaintiff claimed to be aggrieved by the denial of its requests for rulings of law. The issues presented by

the denial of these requests are stated by both parties in their briefs as follows:

1. Whether the electrician Hague's negligence should be imputed to the defendant Williamson.

2. Whether the failure of Williamson to file the Certificate of Completion was evidence of his negligence.

As to the first issue, the negligence of Hague could be imputed to Williamson if he was the agent or servant of Williamson. We do not consider this situation however, since there is a statement in the report that there was no evidence that Hague was an employee of Williamson and the point is not argued by the plaintiff.

The negligence of Hague could also be attributed to Williamson if Williamson was careless in selecting Hague as an independent contractor or if the work which Hague was engaged to perform was inherently dangerous. *Rasimas v. Swan,* 320 Mass. 60; *Whalen v. Shivek,* 326 Mass. 142.

There is no evidence here to warrant a finding that Williamson was lacking in due care in the selection of Hague to do the electrical work. Hague was a licensed electrician engaged in business in the town of Somerset and there is nothing in the report to indicate incompetence or lack of experience which could serve as a basis for holding Williamson negligent in his selection. *Thurlow v. Provincetown,* 337 Mass. 450; *Ducey v. Springfield Co-op Bank,* 341 Mass. 449.

As an independent contractor Hague's negligence was chargeable to Williamson only if the work he was engaged to do was of such a nature as to present so probable a risk of harm as to require Williamson himself to take reasonable precautions to prevent it. This principle was applied in the case of *Herrick v. Springfield,* 288 Mass. 212 involving the burning of a field; in the case of *Thompson v. Lowell St. Rwy Co.,* 170 Mass. 577 where the activity was a shooting exhibition by a man born without hands, in the case of *Ferguson v. Ashkenazy,* 307 Mass. 197 where a landlord engaged an independent contractor to fumigate a building by the use of a poisonous gas, and in many other cases where the nature of the undertaking was such that a reasonable probability of danger to others should have been anticipated and appropriate precautions taken to guard against it. *Whalen v. Shivek,* 326 Mass. 142; Restatement: Torts, §427.

█ The principle does not apply where the harm comes only from the negligent work of the independent contractor even though it could reasonably be assumed that the work might be done negligently. *Whalen v. Shivek,* supra; *Davis v. Whiting,* 201 Mass. 91.

There was nothing inherently dangerous about making the necessary electrical connections to activate an oil burner. There is nothing in the report to indicate that this was not a routine procedure which is performed many times every day wherever

modern heating equipment is installed. We therefore conclude that the negligence of Hague is not chargeable to Williamson.

With regard to the contention that the failure of Williamson to file the Certificate of Completion was evidence of his negligence, it is to be observed that the regulation involved concerns itself with the installation or alteration of an oil burner. The evidence reported clearly indicates that the activation of the oil burner was the work of Hague. The work performed by Williamson was the installation of a new boiler. In these circumstances a finding was warranted that the obligation to comply with the regulation was that of Hague rather than of Williamson.

Since we find no prejudicial error the order should be "Report Dismissed."

Thomas F. McGuire, of Fall River, for the Plaintiff.

Joseph W. Killoran, of Fall River, for the defendant Williamson.