*Western District*

No. 105730
**HILMA MACKAY**
v.
**FIRST NATIONAL STORES, INC.**

Argued: Nov. 6, 1964—Decided Feb. 8, 1965

*Present*: Levine, J. (Presiding), Allen · & Sloan, JJ.

Case tried to *Garvey, J.* in the District Court of Western Hampden. No. 64-R34.

*Sloan, J.* This is an action of tort brought by the plaintiff, a business invitee, against the defendant, the owner and operator of a super-market in Westfield. The answer alleges a general denial, contributory negligence, plaintiff's violation of law, and that the defendant was not legally responsible for the conduct of any person who may have caused the plaintiff to sustain the injury.

*There was evidence tending to show and the trial justice found,* the following facts:

"1. On April 12, 1963, the plaintiff, a business invitee, was standing in front of the meat cases in a super-market owned and operated by the defendant, in Westfield. As she was deciding as to her selection of meats she was struck on

the back of the head, causing injuries, by a board held at the other end by a man working on a scaffold overhead.

2. Working on the scaffolding at the time were employees of Fisher & Sons, Inc., (Fisher) sheet-metal contractors, engaged by the defendant to make repairs in the store ceiling as part of its store remodeling. Fisher had done this type of work for the defendant at other stores on prior occasions.

3. When the defendant would need this work done its Superintendent would take a representative of Fisher to its store, point out what he wanted done and tell him when to start. The work was to be performed during store hours. The Superintendent would visit stores during the course of remodeling about once a week to observe the progress of the work. Fisher would bill the defendant on a time and material basis. Fisher was working in the store in Westfield under this arrangement when the plaintiff was injured.

4. On these facts, and other evidence, I find that an employee of Fisher was negligent, causing injuries to the plaintiff, who was in the exercise of due care, and that such negligence is imputable to the defendant.

5. I find for the plaintiff and assess damages in the amount of $440.00.
Plaintiff's requests for rulings of law

are considered waived. Defendant's requests for rulings of law are denied having been made immaterial by my findings."

*There was evidence also to show that* the board which struck the plaintiff on the head was in the nature of a strip of wood of an undetermined length but no longer than $2''x3''$ in diameter, which strip of wood did not fall to the floor but rather was held on one end by one of the workmen and on the other end was allowed to fall or sag down to the point where it came in contact with the plaintiff's head.

At the close of the trial and before argument, defendant submitted the following requests for rulings in writing:

"1. There is no evidence which would warrant a finding that the person or persons, who allegedly caused an object to fall on the plaintiff's head, were agents or servants of the defendant, or were subject to direction and control by the defendant. *Pickett v. Waldorf System, Inc.*, 241 Mass. 569.

2. The evidence would not warrant a finding that the nature and circumstances of the work being performed on the defendant's premises where the plaintiff was allegedly injured was such that injury to others would probably result unless precautions were taken. *Doyle v. LaCroix*, 336 Mass. 484.

3. The defendant is not liable for negli-

gence on the part of employees of an independent contractor hired by the defendant to work in its store in the absence of some showing of negligence in choosing the contractor or a showing that the nature of the work performed was particularly dangerous."

The defendant claims to be aggrieved by the failure of the trial judge to give or allow the aforesaid rulings and by the denial of the same and by the finding for the plaintiff.

■ The duty of a storekeeper towards a business invitee is well known and it is to use reasonable care to keep in a safe condition that part of its premises to which customers are invited or at least to warn them of dangers not known to them or obvious to an ordinarily intelligent person, which dangers were either known to the storekeeper or of which it should have known. *Ducy v. Springfield Co'operative Bank,* 341 Mass. 449; *Leonardo v. Great Atlantic & Pacific Tea Co.,* 340 Mass. 450; *Boehm v. S. S. Kresge Co.,* 336 Mass. 320; *Griffin v. Fletcher Hardware Co.,* 327 Mass. 235, 236.

From the findings of the trial justice and the evidence introduced there can be no doubt that Fisher (or Fishman) & Sons, Inc. were remodeling the store as an independent contractor rather than as an employee of the defendant. The contrary has not been urged by the plaintiff.

■ Generally "the employer of an independent contractor is not subject to liability

for bodily harm caused to another by a tortious act or omission of the contractor or his servants." Restatement: Torts, §409; *Herrick v. Springfield,* 288 Mass. 212, 216; *Ferguson v. Ashkenazy,* 307 Mass. 197.

An exception to this principle is where the work is inherently or intrinsically dangerous, liability does attach to the employer. *Whalen v. Shivek,* 326 Mass. 142 (Removal of stone blocks from parapet, stones weighing 175 to 200 lbs.) ; *Wetherbee v. Partridge,* 175 Mass. 185 (Blasting) ; *Herrick v. Springfield,* 288 Mass. 212 (Burning timber land) ; *Ferguson v. Ashkenazy,* 307 Mass. 197 (Fumigating by poisonous gas).

In the following cases the work was *not* held inherently or intrinsically dangerous but fell within the principle "an employer of an independent contractor is not liable for bodily harm caused by any negligence of the contractor which does not affect the result which the employer is under a duty to have attained but consists solely in the improper manner in which the contractor does the detail of the work necessary to attain such result." Restatement: Torts, §426.

In *Gorham v. Gross,* 125 Mass. 232 the defendant employed an independent contractor to build a wall and the court in outlining the liabilities of each said at page 240:

"Assuming that the relation of the masons to the defendants was that of contractors, the former would be responsible to a third

person for any injury caused by their negligence in a matter collateral to the contract, as, for instance, in depositing materials, handling tools, or constructing temporary safeguards, while doing the work; but where the very thing contracted to be done is improperly done, and causes the mischief upon the land of another, the employer is responsible for it, at least when it occurs after the structure has been completed to his acceptance."

In *Pye v. Faxon,* 156 Mass. 471, the court held the owner not liable to an adjoining tenant where an independent contractor of the owner caused mortar to drop upon the plaintiff's property through the carelessness of the workmen, and where the dropping of the mortar was not necessarily involved in building the wall.

In *Boomer v. Wilbur,* 176 Mass. 482, the court held that a pedestrian could not recover against the owner where an independent contractor in repairing the owner's chimney negligently allowed brick and mortar to fall on the plaintiff. The court said (P. 485):

"The accident was caused by the act of the contractor in doing what it was not necessary for him to do, what he was not expected to do, and what he did not intend to do. If it had been necessary for him to topple the chimney over into the street, or to remove the bricks by letting them fall into it, or the contract had contemplated such action, the instructions would not have

been objectionable; but as this was not necessary or intended, the work could not be classed as work which, if properly done, was ordinarily attended with danger to the public."

*"The negligence, if any, was in a mere detail of the work. The contract did not contemplate such negligence; and the negligent party is the 'only one to be held."* (emphasis ours)

In *Davis v. John L. Whiting & Son Co.,* 201 Mass. 91, the owner of a building was held not liable to a pedestrian who was injured when an independent contractor painting the shutters of the building negligently caused the shutter to fall on the plaintiff pedestrian. The jury found that there was such risk of accident from the probably negligence or want of skill of some of the workmen as necessarily to involve an appreciable danger to persons passing below. The court said:

"But the finding of this fact would not create a liability on the part of the defendant." (P. 92)

The court further said:

"There was no evidence of any attempt to exercise supervision or control of him (independent contractor) in the performance of the contract, otherwise than to see that what he did and furnished was in accordance with the requirements of the contract." (P. 93)

The court continued—

"The principle of holding the owner liable

does not apply to cases where the danger does not come from the condition of the property or the use of it with proper skill and care but comes only from an unskilful or negligent act of the contractor or his servants, *even if a lack of skill or care on the part of the persons engaged in the business reasonably may be expected."* (P. 93) (emphasis ours)

The court further commented—

"In the performance of the contract it was not necessary for the contractor to drop a shutter from the walk below. It was not expected or intended that he should do it." (P. 93-94)

To paraphrase the language of the court in the *Davis v. Whiting* case—in the case before us it was not necessary for the contractor, hired by the defendant First National Stores, in the performance of its contract to drop a board upon a customer below.

Where the owner of a theater hired a painting contractor to paint the entrance to the theater and the contractor constructed a staging which blew over and struck the plaintiff who was entering the theater, the court held the owner of the theater liable.

The court said:

"There was no occasion to anticipate that injurious consequences necessarily might follow from the placing and use on the sidewalk of a staging adequate for the work expected or required to be done by men who were to paint the marquee which was

to be placed over the entrance to the theater building. In fact no harm came from the form of the structure, from the manner of its use or from the careless acts of men in the execution of work while upon it. No one could foresee that the men would leave the staging unwatched and unguarded in the middle of a crowded sidewalk for more than a momentary period of time."
*Regan v. Superb Theater, Inc.,* 220 Mass. 259.

We are of the opinion that the case at bar falls within the principle enunciated by *Davis v. John L. Whiting* and the line of cases cited above rather than the principle enunciated by *Whalen v. Shivek* and similar cases.

There was, consequently, prejudicial error in the court's failure to grant and its denial of defendant's request for ruling #3.

*The finding for the plaintiff is to be vacated and a finding entered for the defendant.*

David L. Sokol, of Springfield, for the Plaintiff.

Brooks, Wallace & Pillsbury, of Springfield, for the Defendant.